**CIVIL MINUTES - GENERAL**        **'O'**

| Case No. | 2:19-CV-06947-CAS(ASx) | Date | January 31, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     (IN CHAMBERS) - PLAINTIFFS' MOTION TO DISMISS, OR IN THE ALTERNATIVE MOTION TO STRIKE, OR IN THE ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT RE: BSR DEFENDANTS' COUNTERCLAIMS (ECF NO. 39-1)

## I. INTRODUCTION & BACKGROUND

This case involves an investment dispute between plaintiffs Gary Abrams, Jeffrey Aran, Stephen Debenedetto, and Preston Rohner, who are individual investors in a hard money loan, and defendants Blackburne and Sons Realty Capital Corporation ("BSR") and its agents George Blackburne III, Angelica Gardner, and Angela Vannucci, who brokered that loan between plaintiffs, other investors, and a group of borrowers. The underlying allegations of the initial action are known to the parties, and discussed in detail in the Court's order dated December 2, 2019. See ECF No. 32 ("MTD Order"). In substance, plaintiffs allege that defendants committed fraud and violated other laws by making material misrepresentations in the solicitation materials they sent plaintiffs to induce them to invest in a loan secured by a golf club property known as Royal Hawk.

Plaintiffs filed a complaint in this Court on August 9, 2019. See ECF No. 1 ("Compl."). The complaint asserts ten claims for relief: (1) a federal securities fraud claim against BSR pursuant to the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b), as implemented by 17 C.F.R.§ 240.10b-5) (the "10b-5 claim"); (2) a state securities fraud claim against all defendants pursuant to California Corporations Code § 25501; (3) a state securities fraud claim against BSR pursuant to the broker-dealer requirements contained in California Corporations Code § 25501.5; (4) a state law claim for rescission of contract against BSR predicated on BSR's alleged fraud; (5) a state law claim for fraudulent

**CIVIL MINUTES - GENERAL**　　　　'O'

| Case No. | 2:19-CV-06947-CAS(ASx) | Date | January 31, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

inducement to contract against BSR, Blackburne, and Gardner; (6) a state law negligent misrepresentation claim against BSR, Blackburne, and Gardner; (7) a claim for breach of fiduciary duty against BSR; (8) a state law claim for negligence against BSR; (9) a state law claim for constructive trust against BSR; and (10) a state law claim for accounting against BSR. Compl. ¶¶ 53-98.

BSR, Blackburne, and Vannucci filed a motion to dismiss the complaint on October 10, 2019. ECF No. 21-1 ("BSR MTD"). The following day, on October 11, 2019, Gardner filed a separate motion to dismiss the claims against her. ECF No. 23-1 ("Gardner MTD"). The Court denied both motions on December 2, 2019. See MTD Order. BSR and Blackburne (the "BSR defendants") filed an answer, along with a countercomplaint, on December 18, 2019. See ECF No. 36 ("CC").

The BSR defendants' countercomplaint asserts two California state law claims for (1) libel and (2) slander. CC ¶¶ 4-10. Notably, the countercomplaint only names Does 1-10 and Roes 1-10. It does not name any plaintiff, or a third-party, as a counterdefendant by name. Id. ¶¶ 1-2. The libel claim asserts that unidentified counterdefendants intentionally "created and maintained" an online "private internal forum" in which certain unidentified persons allegedly stated that the BSR defendants are "massive scammers" and "egregious scum." Id. ¶¶ 6-8. The countercomplaint does not allege any facts that link these statements to any particular investment, and does not allege that any counterdefendants actually made the statements in the online forum they allegedly operate, but the BSR defendants claim that the statements caused them to sustain businesses losses. Id. ¶ 9. The slander claim similarly asserts that unidentified counterdefendants intentionally made "false and unprivileged slanderous statements which exposed" the BSR defendants "to hatred, contempt, ridicule, and damage to occupation," including, they allege, "statements to other investors" that "encourag[ed] persons to dissociate" with the BSR defendants. Id. ¶¶ 12-13. The BSR defendants do not allege that any particular statements were made to any particular investors, do not allege what the allegedly slanderous statements entailed, and do not allege that any persons actually dissociated with BSR as a result, but they do claim that these allegedly slanderous statements also caused BSR to suffer business losses. Id. ¶ 14.

Plaintiffs filed a motion to dismiss and/or strike the countercomplaint, or in the alternative obtain an order for a more definite statement, on January 8, 2020. See ECF No. 39-1 ("MTD CC"). The BSR defendants filed an opposition on January 17, 2020.

**CIVIL MINUTES - GENERAL**   **'O'**

| Case No. | 2:19-CV-06947-CAS(ASx) | Date | January 31, 2020 |
|----------|------------------------|------|------------------|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

See ECF No. 40 ("Opp."). Plaintiffs filed a reply on January 27, 2020. See ECF No. 42 ("Reply"). The Court took the matter under submission on January 30, 2020. See ECF No. 43. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1) and Supplemental Jurisdiction

"Federal courts are courts of limited jurisdiction" possessing the power to hear cases only when "authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) raises the question of the federal court's subject matter jurisdiction. When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000).

Under 28 U.S.C. § 1367, Congress has authorized the federal courts to exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." This includes claims brought against a party that, but for 28 U.S.C. § 1367's jurisdictional grant, the Court would lack an independent basis for exercising subject matter jurisdiction. See Mendoza v. Zirkle Fruit Co., 301 F.3d 1163, 1172–73 (9th Cir. 2002).

Constitutional boundaries still apply. In particular, for the Court to exercise subject matter jurisdiction over claims not otherwise within its jurisdiction, the "claims must form but one constitutional case and derive from a common nucleus of operative fact." Id. (citing United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966)); see also Kirschner v. Klemons, 225 F.3d 227, 239 (2d Cir. 2000) (holding that a court may exercise supplemental jurisdiction "where the claim in question arises out of the same set of facts that give rise to an anchoring federal question claim") (citations omitted)).

**CIVIL MINUTES - GENERAL**       **'O'**

| Case No. | 2:19-CV-06947-CAS(ASx) | Date | January 31, 2020 |
|----------|------------------------|------|------------------|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

"Section 1367 applies to state law claims brought by a plaintiff as well as to counterclaims brought by a defendant." Sparrow v. Mazda Am. Credit, 385 F. Supp. 2d 1063, 1066 (E.D. Cal. 2005). Federal courts may only exercise supplemental jurisdiction over state law counterclaims where the counterclaims arise out of the "same case or controversy" pursuant to § 1367. See Campos v. W. Dental Servs., Inc., 404 F. Supp. 2d 1164, 1168 (N.D. Cal. 2005). "A state law claim is part of the same case or controversy when it shares a 'common nucleus of operative fact' with the federal claims and the state and federal claims would normally be tried together." Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004). "[S]tate law claims do not derive from a common nucleus of operative facts if there is almost no factual or legal overlap between the state and federal claims." Wisey's #1 LLC v. Nimellis Pizzeria LLC, 952 F. Supp. 2d 184, 189 (D.D.C. 2013).

Even where that standard is met, a district court may decline to exercise supplemental jurisdiction over a claim if: (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c). The district court's decision whether to exercise supplemental jurisdiction is informed by whether exercising jurisdiction over the pendent state claims comports with the values of economy, convenience, fairness, and comity. See Grove v. De La Cruz, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005) (citing Executive Software N. Am. v. U.S.D.C. Cent. Dist., 24 F.3d 1545, 1557 (9th Cir. 1994)).

**B.      Rule 12(b)(6)**

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:19-CV-06947-CAS(ASx) | Date | January 31, 2020 |
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. Proc. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (holding dismissal with prejudice is appropriate only when the complaint could not be saved by amendment).

**CIVIL MINUTES - GENERAL**            **'O'**

| Case No. | 2:19-CV-06947-CAS(ASx) | Date | January 31, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

## III.    DISCUSSION

Plaintiffs move to dismiss and/or strike the counterclaims, or in the alternative for a more definite statement, on several grounds.

At the outset, however, plaintiffs contend that the Court lacks subject matter jurisdiction to consider the state law counterclaims on their merits because the BSR defendants have failed to allege a factual basis that would permit the court to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. See MTD CC at 10-12. In response to this threshold argument, the BSR defendants simply assert, in a conclusory fashion, that plaintiffs are incorrect.[1] See Opp. at 5 ("The defamatory statements [alleged in the counterclaim] arise out of Royal Hawk investment which is the subject of the pending action; thus, said [counterclaim] is compulsory and barred if not plead."). But simply asserting that jurisdiction exists in a brief opposing a motion to dismiss does not relieve the BSR defendants from their obligation to allege facts that plausibly invoke this Court's

---

[1] Elsewhere in their opposition, the BSR defendants assert that plaintiffs lack standing to file the instant motions challenging the countercomplaint because the plaintiffs are not named as counterdefendants. See Opp. at 4. If the Court accepts this argument, the BSR defendants would not have a cognizable counterclaim because "a counterclaim cannot be asserted entirely against third parties." Luma Pictures, Inc. v. Betuel, No. 16-CV-02625-GW (PLAx), 2016 WL 11519331, at *6 (C.D. Cal. Sept. 29, 2016) (citing 8E Phillips & Stevenson, Fed. Civ. Proc. Before Tr. § 8:1217 (2019) ("At least one of the parties to the counterclaim must be an opposing party")); see also Fed. R. Civ. Proc. 13(a)(1) (stating that a defendant may assert a counterclaim against an "opposing party"). However, since the Court understands that the countercomplaint was served on plaintiffs in this case, and since the BSR defendants have indicated that some plaintiffs could be counterdefendants, the Court has to assume that at least some plaintiffs may be alleged to be counterdefendants. Following its obligation to construe the allegations in the light most favorable to preserving the BSR defendants' counterclaims, the Court therefore reads the countercomplaint to allege that at least some plaintiff, unknown to the BSR defendants at this time, is responsible for the conduct attributed to the Doe and Roe defendants. See Sprewell, 266 F.3d at 988; e.g., Calderon v. Total Wealth Mgmt., Inc., No. 15-CV-01632-BEN (NLS), 2018 WL 1621397, at *3 (S.D. Cal. Apr. 4, 2018) (where plaintiffs set forth allegations not clearly directed at any given defendant, the court "construe[d] the collective allegations" in a manner that avoided "grounds for dismissal").

**CIVIL MINUTES - GENERAL**    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-06947-CAS(ASx) | Date | January 31, 2020 |
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

jurisdiction or state a claim.    See, e.g., Aquilina v. Certain Underwriters at Lloyd's Syndicate #2003, 407 F. Supp. 3d 1051, 1080-81 (D. Haw. 2019) (concluding that plaintiffs' "assertion[s] in their Opposition Brief" were "not enough" to cure a defective pleading that failed "to show [the] specific deceptive practices that [defendants] must have engaged in to state a claim").

The Court may only exercise supplemental jurisdiction over the defamation counterclaims if they are part of the "same case or controversy" raised in the plaintiffs' initial complaint, as determined by whether they derive from a "common nucleus of operative fact." Bahrampour, 356 F.3d at 978 (citations omitted). The aggregate set of operative factual allegations underlying the plaintiffs' claims for relief in this case can be summarized as follows: (1) the BSR defendants send plaintiffs materials to solicit their investment in a loan secured by the Royal Hawk property; (2) the materials plaintiffs receive from BSR make certain representations about the value of the Royal Hawk property, the competency of the appraisal supporting that valuation, and the solvency and creditworthiness of the prospective borrowers; (3) plaintiffs make the investment based on the BSR defendants' representations; (4) the borrowers default and plaintiffs recover the Royal Hawk property at a loss through a foreclosure auction where they are the sole bidders; (5) plaintiffs discover facts indicating that BSR misrepresented the value of the Royal Hawk property, the competency of the appraisal, and the solvency and creditworthiness of the borrowers; (6) BSR continues to pass legal and operating costs onto plaintiffs, and to charge plaintiffs investment management fees; (7) plaintiffs discover facts indicating that BSR allegedly solicited loan investments in overvalued properties based on inflated appraisals in other instances. See generally MTD Order at 2-7 (summarizing allegations of the complaint).

The BSR defendants do not allege facts in their sparsely-worded and generally conclusory countercomplaint that would allow the Court to conclude that either the libel claim or the slander claim is sufficiently related to this subject matter. First, while the libel claim apparently stems from two posts in an online forum, the countercomplaint neither alleges nor provides any basis to reasonably infer that either post is related to plaintiffs' investment in the Royal Hawk loan. One of the posts alleged in the countercomplaint accuses BSR of orchestrating a "massive scam[]," and the other accuses BSR of "robbery" and mentions a "club" and an "outrageous golf pro," but the countercomplaint does not allege any facts suggesting that either post referred to an alleged scam or robbery involving the Royal Hawk investment. Cf. CC ¶¶ 6-8. In fact, from what plaintiffs allege in the

**CIVIL MINUTES - GENERAL**          **'O'**

| Case No. | 2:19-CV-06947-CAS(ASx) | Date | January 31, 2020 |
|----------|------------------------|------|------------------|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

complaint, it seems that the BSR defendants may have been involved in other allegedly fraudulent loan brokering activities involving other properties. See Compl. ¶ 42. The Court cannot draw an inference that the allegedly libelous posts at issue relate to the claimed fraudulent conduct involving BSR at issue in this case without even *de minimis* factual allegations linking the supposedly libelous posts to the Royal Hawk investment at the center of this controversy.

Second, the BSR defendants fail to allege any facts to support its slander claim, let alone adequate jurisdictional facts to infer a connection to the subject matter underlying the plaintiffs' claims involving the Royal Hawk loan. In support of this claim, the BSR defendants simply assert that unspecified statements were made to unspecified investors, that those statements were known to be false by the persons who uttered them, and that the BSR defendants have suffered a loss as a result. CC ¶¶ 11-15. These allegations—which, if the Court reached them, would likely fail to sustain a claim for slander pursuant to Rules 8 and 12(b)(6), see Iqbal, 556 U.S. at 678 (holding that "a formulaic recitation of the elements of a cause of action will not do"); e.g., Haddock v. Countrywide Bank, N.A., No. 14-CV-06452-PSG (FFMx), 2014 WL 12597043, at *6 (C.D. Cal. Dec. 22, 2014) (granting Rule 12(b)(6) motion to dismiss claims for slander and libel for this reason)—do not provide a factual basis to relate, or infer a relationship between, the slander claim and the subject matter underlying the Royal Hawk loan controversy.

The Court accordingly cannot tell, on the basis of these allegations, whether or not it may exercise supplemental jurisdiction over the BSR defendants' defamation counterclaims pursuant to § 1367. Since the BSR defendants bear the burden to allege facts that affirmatively invoke the Court's jurisdiction, the Court must dismiss the counterclaims as currently plead for lack of subject matter jurisdiction. See, e.g., Albertazzi v. Albertazzi, No. 17-CV-00703-MMD-WGC, 2018 WL 4053319, at *4 (D. Nev. Aug. 24, 2018) (granting motion to dismiss permissive defamation counterclaim pursuant to § 1367 since there was only "an abstract similarity" between the defamation claim and the plaintiff's claims that was unsupported by specific facts); Green v. Amtech, LLC, No. 10-CV-3022-EFS, 2013 WL 5307980, at *2 (E.D. Wash. Sept. 17, 2013) (granting motion to dismiss permissive defamation counterclaim pursuant to § 1367 because the counterclaimant failed to allege facts from which the court could conclude that the defamation counterclaim is "part of the same case or controversy" as the plaintiff's

**CIVIL MINUTES - GENERAL**    **'O'**

| Case No. | 2:19-CV-06947-CAS(ASx) | Date | January 31, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

federal employment claim for relief).[2]  Should the BSR defendants elect to amend their counterclaint to allege facts that would allow the Court to exercise jurisdiction over the defamation counterclaims, the Court notes that it will not satisfy § 1367 to merely assert that the online posts and investor communications alleged relate to the Royal Hawk loan. See, e.g., Winter v. Fla., No. 09-CV-01305 VAP (EFM), 2010 WL 1531193, at *11 (C.D. Cal. Feb. 17, 2010) (concluding that "the Court cannot find that the state and federal claims share a common nucleus of operative facts," and granting motion to dismiss pursuant to § 1367, because "the factual overlap is merely peripheral"); Gray v. Burtronics Bus. Sys., No. 16-CV-01053-BRO (ASx), 2016 WL 10987314, at *17 (C.D. Cal. Oct. 14, 2016) (granting motion to dismiss defamation claim pursuant to § 1367 in federal question action because "whether Mr. Hlebasko defamed [claimant] arises from an entirely different set of facts than [claimant's] allegations regarding" the alleged federal question claim).[3]  To cure the jurisdictional defects in their counterclaint, the BSR defendants would, at a

---

[2] Courts in other circuits assessing defamation counterclaims have granted motions to dismiss those counterclaims pursuant to § 1367 in similar circumstances.  See Carvalho v. Door-Pack, Inc., 565 F. Supp. 2d 1340, 1341 (S.D. Fla. 2008) (finding no supplemental jurisdiction over the defendants' counterclaims for defamation where the defendant failed to allege how its claims bore any relationship to plaintiff's claim for labor standards violations); Gal v. Asser, Inc., No. 17-CV-1647-GJK, 2017 WL 6999852, at *2 (M.D. Fla. Dec. 20, 2017) (granting motion to dismiss defamation counterclaim pursuant to § 1367 because the counterclaimant did not allege facts demonstrating that its defamation claim "encompass[ed] elements of Plaintiff's FLSA or common law unpaid wages claims"); Usher v. Ctr. of Hope for Cancers & Blood Disorders, P.C., No. 10-CV-01813-CAP, 2011 WL 13269775, at *2 (N.D. Ga. Feb. 1, 2011) (granting motion to dismiss defamation counterclaim pursuant to § 1367 because counterclaimant failed to allege facts indicating that "there are any common events, witnesses, evidence, or issues that would need to be determined to adjudicate each party's claims").

[3] See also Walker v. THI of New Mexico at Hobbs Ctr., 803 F. Supp. 2d 1287, 1324 (D.N.M. 2011) (granting motion to dismiss counterclaim pursuant to § 1367 because the "facts upon which the Counterclaim are based relate to Walker's actions" leading up to "filing her Complaint and amended Complaints," with the effect that "[t]hese nuclei of operative fact are not related in time, space, or origin" to the dispute underlying the litigation).

---

**CIVIL MINUTES - GENERAL**          'O'

| Case No. | 2:19-CV-06947-CAS(ASx) | Date | January 31, 2020 |
|----------|------------------------|------|------------------|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

minimum, need to allege specific facts indicating that their defamation claims arise from this particular dispute with these particular plaintiffs involving the particular federal securities fraud claims that they allege. See Twombly, 550 U.S. at 555.

Since the Court does not have subject matter jurisdiction to consider the BSR defendants' counterclaims, the Court does not reach plaintiffs remaining arguments to dismiss or strike those claims, or to obtain a more definite statement of them. See Herman Family Revocable Tr. v. Teddy Bear, 254 F.3d 802, 803 (9th Cir. 2001). However, even if the Court were to exercise jurisdiction over the counterclaims, the Court notes that neither the libel nor the slander claim would, at this point, appear to satisfy even the most liberal notice pleading standard. See Haddock, 2014 WL 12597043, at *6 (cited above). If the BSR defendants elect to amend their countercomplaint to cure its jurisdictional deficiencies, any amendments should include additional substantive non-conclusory allegations explaining who stated what, when, and to whom. An amended countercomplaint should also aver with factual specificity how the allegedly defamatory statements are false, and how the BSR defendants have suffered damages as a result. See Iqbal, 556 U.S. at 679.

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the motion to dismiss the counterclaims, without prejudice. The BSR defendants may file amended counterclaims, if any, within 14 days.

IT IS SO ORDERED.

00:00
CMJ