UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| Case No. | 2:19-CV-06947-CAS (AS) | Date | March 25, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PROPOSED INTERVENORS' MOTION TO INTERVENE (ECF No. 48) (filed Feb. 26, 2020)

## I. INTRODUCTION & BACKGROUND

This case involves an investment dispute between individual investors in a hard money loan, and defendants Blackburne and Sons Realty Capital Corporation ("BSR") and its agents George Blackburne III, Angelica Gardner, and Angela Vannucci, who brokered that loan between plaintiffs, other investors, and a group of borrowers. The underlying allegations of the initial action are known to the parties, and discussed in detail in the Court's order dated December 2, 2019. See ECF No. 32 ("MTD Order"). In substance, plaintiffs allege that defendants committed fraud and violated other laws by making material misrepresentations in the solicitation materials they sent plaintiffs to induce them to invest in a loan secured by a golf club property known as Royal Hawk.

Plaintiffs filed a complaint in this Court on August 9, 2019. See ECF No. 1 ("Compl."). The complaint asserts ten claims for relief: (1) a federal securities fraud claim against BSR pursuant to the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b), as implemented by 17 C.F.R.§ 240.10b-5) (the "10b-5 claim"); (2) a state securities fraud claim against all defendants pursuant to California Corporations Code § 25501; (3) a state securities fraud claim against BSR pursuant to the broker-dealer requirements contained in California Corporations Code § 25501.5; (4) a state law claim for rescission of contract against BSR predicated on BSR's alleged fraud; (5) a state law claim for fraudulent inducement to contract against BSR, Blackburne, and Gardner; (6) a state law negligent misrepresentation claim against BSR, Blackburne, and Gardner; (7) a claim for breach of fiduciary duty against BSR; (8) a state law claim for negligence against BSR; (9) a state law claim for constructive trust against BSR; and (10) a state law claim for accounting

CV-549 (01/18) CIVIL MINUTES - GENERAL Page 1 of 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| Case No. | 2:19-CV-06947-CAS (AS) | Date | March 25, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

against BSR. Compl. ¶¶ 53-98.

BSR, Blackburne, and Vannucci filed a motion to dismiss the complaint on October 10, 2019. ECF No. 21-1 ("BSR MTD"). The following day, on October 11, 2019, Gardner filed a separate motion to dismiss the claims against her. ECF No. 23-1 ("Gardner MTD"). The Court denied both motions on December 2, 2019. See MTD Order. BSR and Blackburne (the "BSR defendants") filed an answer, along with a countercomplaint asserting California state law claims for libel and slander, on December 18, 2019. See ECF No. 36 ("CC"). The Court granted plaintiffs' motion to dismiss the counterclaims, without prejudice, on January 31, 2020. See ECF No. 44 ("CC MTD Order").

The BSR defendants did not file an amended countercomplaint within the 14 day period set forth by the Court, and the pleadings are now closed. See CC MTD Order at 10. The parties submitted a discovery plan and Rule 26(f) Joint Report on February 10, 2020. See ECF No. 47. On February 24, 2020, the Court held a scheduling conference at which counsel for all parties appeared, and a schedule was set. See ECF No. 51.

South Coast Ventures LLC and Alan Geraci, trustee for the Brown Charitable Remainder Trust (together the "Proposed Intervenors"), filed the instant motion to intervene on February 26, 2020. See ECF No. 48 ("MTI"). The Proposed Intervenors claim to have invested a total of $300,000 in the Royal Hawk loan that is the subject of this dispute, and assert claims coextensive with the claims asserted by plaintiffs in their complaint. See MTI at 3-4, Ex. 1 (attaching proposed complaint).

Prior to moving to intervene in this action, the Proposed Intervenors and their agents pursued their claims against BSR for its conduct related to the Royal Hawk transaction in two separate state court actions. The Proposed Intervenors first filed suit against BSR in Orange County Superior Court on December 4, 2018. See DeCesare v. Blackburne and Sons Realty Capital Corp., No. 30-2018-01036309-CU-OR-CJC (Orange Cty. Sup. Ct. filed Dec. 4, 2018). The Proposed Intervenors voluntarily dismissed that case on March 15, 2019. See id. at Docket Nos. 19-21 (granting the Proposed Intervenors' request for dismissal of the entire action without prejudice). The Proposed Intervenors then filed a second case against BSR in Orange County Superior Court on April 3, 2019. See South Coast Ventures, LLC v. Blackburne and Sons Realty Capital Corp., No. 30-2019-01061702-CU-BC-CJC (Orange Cty. Sup. Ct. filed April 3, 2019). After the case was

CV-549 (01/18) CIVIL MINUTES - GENERAL Page 2 of 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| Case No. | 2:19-CV-06947-CAS (AS) | Date | March 25, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

transferred to the judge in the original Orange County Superior Court action, BSR filed a demurrer on January 7, 2020. Id. at Docket Nos. 77-78, 71-86. Instead of opposing the demurrer, the Proposed Intervenors again voluntarily dismissed the entire action on January 29, 2020. Id. at Docket Nos. 91-98 (granting Proposed Intervenors' request for dismissal without prejudice).

BSR and plaintiffs each filed oppositions to the Proposed Intervenors motion to intervene on March 9, 2020. See ECF No. 53 ("BSR Opp."), ECF No. 54 ("Pls.' Opp."). The Proposed Intervenors filed a reply brief on March 16, 2020. See ECF No. 56 ("Reply"). The Court took the matter under submission on March 18, 2020. See ECF No. 57. Having considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A party may intervene pursuant to Federal Rule of Civil Procedure 24 either as of right, or with permission of the Court. "A party seeking to intervene as of right must meet four requirements: (1) the applicant must timely move to intervene; (2) the applicant must have a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the applicant must be situated such that the disposition of the action may impair or impede the party's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by existing parties." Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003). A party who satisfies each of these requirements must be permitted to intervene. Id.

By contrast, "[a] motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." San Jose Mercury News, Inc v. U.S. Dist. Ct., 187 F.3d 1096, 1100 (9th Cir. 1999). The Ninth Circuit has set forth three prerequisites that an applicant seeking permissive intervention under Rule 24(b) must establish: "(1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common." Id. (internal quotation omitted).

The requirements of Rule 24 "are broadly interpreted in favor of intervention." Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011). In applying the rule, courts should be "guided primarily by practical and equitable

CV-549 (01/18) CIVIL MINUTES - GENERAL Page 3 of 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL 'O'

| Case No. | 2:19-CV-06947-CAS (AS) | Date | March 25, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

considerations," and doubts should be resolved in favor of the proposed intervenor. Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998).

## III. DISCUSSION

The Proposed Intervenors assert that they are entitled to intervene as of right, or in the alternative, and at a minimum, that the Court should exercise its discretion to permit them to intervene permissively. See MTI at 4-5. Because the Court concludes that intervention as of right is warranted, it does not need to consider whether permissive intervention is appropriate.

### A. Timeliness Of The Motion

To determine whether a motion to intervene is timely, the Court considers three factors: (1) the stage of the proceeding at which intervention is sought; (2) any prejudice to existing parties; and (3) the reason for and length of any delay. See United States v. Oregon, 913 F.2d 576, 588-89 (9th Cir. 1990). Proposed Intervenors contend that their motion is timely because it was filed "less than two weeks after the pleadings were settled" and because "the existing parties will suffer no prejudice from movants' not having sought leave to intervene earlier." MTI at 3. The existing parties respond that intervention is not timely since the Court has already ruled on two motions to dismiss, and since the presence of the Proposed Intervenors could implicate the addition of unique counterclaims and defenses that may prejudice the prosecution of the existing claims. See BSR Opp. at 5-7, Pls.' Opp. at 7-8.

The Court disagrees. With respect to the first factor, the proceedings in this case are not so advanced as to preclude intervention. Although the Court has held a scheduling conference and set the pleadings, this motion was filed before discovery began, and well-before any dispositive motions could be filed, let alone decided. See Winston v. United States, No. 14-CV-05417-MEJ, 2015 WL 9474284, at *3 (N.D. Cal. Dec. 29, 2015) (concluding that stage of the proceedings factor did not support a finding of untimeliness, and that the case "remains in the early stages of litigation," where "discovery has yet to commence and no significant substantive rulings have been made"); see also, e.g., S. Yuba River Citizens League & Friends of the River v. Nat'l Marine Fisheries Svc., No. 06-CV-02845-LKK (JFM), 2007 WL 3034887, at *12 (E.D. Cal. Oct. 16, 2007) (intervention was not untimely where no discovery had been conducted, and party moved for intervention before dispositive motion filing deadline).

CV-549 (01/18) CIVIL MINUTES - GENERAL Page 4 of 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| Case No. | 2:19-CV-06947-CAS (AS) | Date | March 25, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

With respect to the second factor, the Court cannot conclude that permitting intervention would certainly, or even likely, prejudice plaintiffs or defendants. It is certainly possible that the Proposed Intervenors involvement in the litigation could implicate or prompt unique defenses and counterclaims that "taint Plaintiffs' meritorious claims and credibility," cf. Pls' Opp. at 9, but that speculation based upon conjecture is not a basis to find prejudice that precludes intervention. See Defenders of Wildlife v. Johanns, No. 04-CV-04512-PJH, 2005 WL 3260986, at *4 (N.D. Cal. Dec. 1, 2005) (explaining that, in assessing this factor, courts consider "whether existing parties may be prejudiced by the delay in moving to intervene"—for example by the "loss of evidence, settlements made in expectation of no further claims, and the need to reopen matters previously resolved"—and "not whether the intervention itself will cause the nature, duration or disposition of the lawsuit to change" since "otherwise, intervention would never be allowed because it inevitably prolongs" and complicates "the litigation").

And with respect to the third factor, the record suggests that the Proposed Intervenors' delay reflects a change in counsel. See Goodman Decl., ¶ 14. Even to the extent that the Proposed Intervenors' new counsel is forum shopping, that alone is not a basis to find the application untimely, especially in the absence of prejudice. See Johanns, 2005 WL 3260986, at *4.[1]

---

[1] The Court notes, *sua sponte*, that the "two dismissal rule" expressed in Federal Rule of Civil Procedure 41(a)(1)(B) does not apply in this case. Pursuant to this rule, "a voluntary dismissal of a second action operates as a dismissal on the merits" with res judicata effects "if the plaintiff has previously dismissed an action involving the same claims." Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1076 (9th Cir. 1999).

Although the two dismissal rule may apply to voluntary dismissals made in state courts, it does so only if the state in which the second dismissal occurred administers a two dismissal rule of its own. See Manning v. S. Carolina Dep't of Highway & Pub. Transp., 914 F.2d 44, 47 n.5 (4th Cir. 1990) ("When the second dismissal occurs in state court . . . the two dismissal rule applies only if the state has enacted its own version of the two dismissal rule and would therefore treat the second dismissal as a dismissal with prejudice.") (citing Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 2368 (3d ed. 2019); accord Ferretti v. Beach Club Maui, Inc., No. 18-CV-00012 JMS-RLP, 2018 WL 3078742,

CV-549 (01/18) CIVIL MINUTES - GENERAL Page 5 of 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** ‘O’

| Case No. | 2:19-CV-06947-CAS (AS) | Date | March 25, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

For the foregoing reasons, the motion to intervene is not untimely, and will not be denied on that basis.

**B. Significantly Protectable Interest**

The Proposed Intervenors claim a protectable interest in the money they invested (and allege to have lost due to the defendants' fraud) in the same Royal Hawk loan that is the subject of the existing litigation. See MTI at 3; Wolfe Decl., ¶¶ 2-4; Geraci Decl., ¶¶ 2-4. The existing parties do not dispute that the Proposed Intervenors might have such an interest, but the plaintiffs contend that at least one of the Proposed Intervenors (Wolfe) has "irrevocably subordinated" that interest by failing to make certain contractually-required payments to the transfer entity that took over the Royal Hawk property. See Abrams Decl., ¶¶ 2-3, 4-6, Exs. 2-3 (noting Wolfe's absence from the list of investors on an investor update letter). The Proposed Intervenors contend that this argument is baseless and predicated on inadmissible speculation. See Reply at 3.

"[A]n identifiable interest in funds that are the subject of litigation" is a "sufficient interest" to support intervention as of right. See Wright & Miller, 7C Fed. Prac. & Proc. Civ. § 1908.1 (3d ed. 2019) (citing cases) ("Wright & Miller"). If it turns out that one of the Proposed Intervenors subordinated its interest in the Royal Hawk property by failing to make a required payment, that may provide grounds to dismiss that party as a plaintiff. But the evidence in the record does not so clearly support that conclusion at this juncture. Proposed Intervenors have accordingly made a sufficient showing that they have a significantly protectable interest in the underlying dispute.

**C. Practical Impairment of Interest**

A potential intervenor as of right is required to show that an unfavorable disposition of the pending litigation "will result in [the] practical impairment" of its interests. Arakaki,

---

at *3 (D. Haw. June 21, 2018) (quoting and applying same). California has not adopted the two dismissal rule, see TCW Special Credits v. Fishing Vessel Chloe Z, 238 F.3d 431 (9th Cir. 2000) (unpublished disp.), so the two dismissals in Orange County Superior Court do not preclude the Proposed Intervenors from bringing their claims in this forum. See Wright & Miller, 7C Fed. Prac. & Proc. Civ.§ 2368 at n. 23 (stating that "[two] dismissals in state court does not bar [a] third suit in federal court") (citing Stewart v. Stearman, 743 F. Supp 793, 794 (D. Utah 1990)).

CV-549 (01/18) CIVIL MINUTES - GENERAL Page 6 of 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| Case No. | 2:19-CV-06947-CAS (AS) | Date | March 25, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

324 F.3d at 1083 (citing Fed. R. Civ. Proc. 24(a)). This standard is met even if a prospective intervenor cannot establish with "absolute certainty" that its "interests will be impaired." Citizens for Balanced Use, 647 F.3d at 900.

Proposed Intervenors contend that they satisfy this requirement because "unless they are allowed to intervene in this lawsuit" they claim they will be "left without assets from which to collect their alleged damages." MTI at 4. The assertion is predicated on a sworn declaration that "the principal asset from which all investors in the subject matter transaction are primarily able to recover damages" is "a self-liquidating claims made and reported professional liability policy" whose policy limits cause the defense costs incurred by BSR to "reduce the indemnity limits of the insurance policy on a dollar for dollar basis." See Geraci Decl., ¶ 7; Wolfe Decl., ¶ 7.

The Court acknowledges the plaintiffs' argument that this assumption represents a degree of conjecture by the Proposed Intervenors. See Pls.' Opp. at 2 n. 1.[2] But pursuant to Rule 24's permissive standard, the Court is required to resolve all doubts in favor of the Proposed Intervenors. See Glickman, 159 F.3d at 409.

Doing so, the Court finds that the Proposed Intervenors have adequately demonstrated that their interests in the Royal Hawk loan may plausibly become impaired if they are not permitted to intervene in this action. See, e.g., In re Discovery Zone Sec. Litig., 181 F.R.D. 582, 594 (N.D. Ill. 1998). In Discovery Zone, the McDonald's Corporation moved to intervene as a plaintiff in a securities class action where "insurance money" was "the only means of satisfying any settlement or judgment against the defendants." Id. at 594. Since (i) the insurance policy had "a liability limit of $5 million, and [$3 million] of this money [was] earmarked for the proposed settlement fund," and since (ii) McDonald's "settlement demand is nearly four times the proposed settlement," the court granted McDonald's motion to intervene because "[a]llowing the proposed settlement to go forward without McDonald's" under these circumstances "would, as a

[2] Because "[a] motion to intervene does not require the Court to determine a material or ultimate fact in the litigation[,] . . . the Federal Rules of Evidence do not govern submissions related to the motion." Greenpeace Found. v. Daley, 122 F. Supp. 2d 1110, 1114 (D. Haw. 2000). Plaintiffs' evidentiary objections submitted in support of its opposition are accordingly **DENIED**.

CV-549 (01/18) CIVIL MINUTES - GENERAL Page 7 of 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| Case No. | 2:19-CV-06947-CAS (AS) | Date | March 25, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

practical matter, significantly impair its interests by imposing a severe damages cap." Id. at 594 (concluding that "McDonald's satisfies both the interest and impairment requirements of Rule 24(a)") (cited in Wright & Miller, § 1908.1 at n. 27).

Similar reasoning applies here. Unless permitted to intervene, BSR's insurance policy could significantly cap the damages that the Proposed Intervenors are able to collect. The Proposed Intervenors accordingly satisfy the impairment requirement of Rule 24(a).

**D. Inadequate Representation By Existing Parties**

The Proposed Intervenors must also establish that the existing parties do not adequately represent their interests. Arakaki, 324 F.3d at 1083 (citing Fed. R. Civ. Proc. 24(a)). This requirement is satisfied if the Proposed Intervenors demonstrate "that representation of [their] interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." Trbovich v. United Mine Workers, 404 U.S. 528, 538 n. 10 (1972). "The easiest case is that in which . . . the absentee's interest is not represented at all. An interest that is not represented is surely not adequately represented and intervention must be allowed." See Wright & Miller, § 1909 (citing cases at n. 16). A proposed intervenor's interest is not represented, for instance, if the intervenor is entitled to damages that the existing parties cannot recover. See, e.g., Mission Hills Condominium Ass'n v. Corley, 570 F. Supp. 453, 462 (N.D. Ill. 1983) (concluding that residents and owners of condominium units were entitled to intervene in an antitrust action by condominium associations because the associations lacked standing under the antitrust laws to sue for damages, but the individuals themselves could).

In this case, the Proposed Intervenors may be entitled to damages related to their individual investments in the Royal Hawk loan separate from, and in addition to, the damages that plaintiffs may be entitled to recover related to their individual investments. The existing parties do not contest this, nor do they contend that the Proposed Intervenors are not entitled to intervene as a matter of right on this basis. The Proposed Intervenors accordingly establish this element as well.

* * * * *

Having found that the Proposed Intervenors meet all four requirements for intervention as of right, the Court concludes that their motion to intervene should be granted.

CV-549 (01/18) CIVIL MINUTES - GENERAL Page 8 of 9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** **'O'**

| Case No. | 2:19-CV-06947-CAS (AS) | Date | March 25, 2020 |
|---|---|---|---|
| Title | ABRAMS ET AL. V. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** the motion to intervene.

IT IS SO ORDERED.

00:00
CMJ

CV-549 (01/18) **CIVIL MINUTES - GENERAL** **Page 9 of 9**