| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFFS' NOTICE OF MOTION FOR PARTIAL SUMMARY JUDGMENT (Dkt. 110, filed on May 10, 2021)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

## I. INTRODUCTION

Plaintiffs Gary Abrams, individually and as trustee of the Gary Abrams Living Trust Dated 4/28/2008, Jeffrey Aran; Stephen DeBenedetto; and Preston Rohner brought suit against defendants Blackburne and Sons Realty Capital Corporation ("BSR"); George Blackburne III, President and Founder of BSR (together, "BSR defendants"); Angelica Gardner, former Executive Vice President of BSR; Angela Vannucci, Vice President of BSR; and Does 1 through 10 on August 9, 2019. Dkt. 1 ("Compl."). Plaintiffs allege claims for: (1) securities fraud pursuant to Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5, against BSR; (2) securities fraud pursuant to California Corporations Code § 25501, against all defendants; (3) securities fraud pursuant to California Corporations Code § 25501.5, against BSR; (4) rescission of contract against BSR; (5) fraudulent inducement against BSR, Blackburne, and Gardner; (6) negligent misrepresentation against BSR, Blackburne, and Gardner; (7) breach of fiduciary duty against BSR; (8) negligence against BSR; (9) constructive trust against BSR; and (10) accounting against BSR. Id. ¶¶ 53–98. The claims arise from an investment dispute related to a hard money loan secured by real property and brokered by defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL    'O'

| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
| --- | --- | --- | --- |
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

On May 10, 2021, plaintiffs filed the instant motion for partial summary judgment on the issues of fiduciary duty and the proper measure of damages. Dkt. 110 ("MSJ"); see dkt. 111, plaintiffs' request for judicial notice ("Plt. RJN"). On May 17, 2021, BSR defendants filed an opposition, dkt. 113 ("BSR Opp."), as did Gardner, dkt. 114 ("Gardner Opp."). (Vannucci has not filed any briefing in relation to plaintiffs' motion.) Plaintiffs replied to each opposition on May 24, 2021. Dkts. 115 ("Reply to BSR Opp."), 117 ("Reply to Gardner Opp.").[1]

Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II.    BACKGROUND

### A.    Evidentiary Objections

The parties raise numerous evidentiary objections. See dkts. 113-3, 114-4, 118; see also dkts. 116, 119. Relevant here, defendants object, first, to the admission of two mortgage investment bulletins drafted and disseminated by BSR. See dkt. 110-3, Exhs. A, E. Defendants argue these documents constitute hearsay. Dkts. 113-3 at 2, 114-4 at 2; see Fed. R. Evid. 801. Defendants' objections are **overruled** because the statements contained in the bulletins are not offered for the truth of the matter asserted, but rather to show the effect on the listener, that is, plaintiffs. In any event, these statements would constitute statements of a party opponent. Fed. R. Evid. 801(d)(2)(A).

Defendants next object to the admission of several loan documents entered into by BSR and plaintiffs. See dkt. 110-3, Exhs. C, D. Defendants again argue these documents are hearsay. Dkts. 113-3 at 2, 114-4 at 2. These objections are **overruled** because the

---

[1] Pursuant to Federal Rule of Evidence 201, plaintiffs request that the Court take judicial notice of two filings in this case and certain statements contained therein, as well as an order issued in Martin Strasburger et al v. Blackburne and Sons Realty Capital Corporation et al, No. 2:20-cv-00220-CJC-JC (C.D. Cal.). The Court **GRANTS** this request and takes judicial notice of the fact that these documents were filed. See Reyn's Pasta Bella. LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (courts "may take judicial notice of court filings and other matters of public record").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

documents are offered to prove their legal effect. See Stuart v. UNUM Life Ins. Co. of Am., 217 F.3d 1145, 1154 (9th Cir. 2000).

Finally, defendants object to the admission of two witness declarations, as well as two witness deposition transcripts, see dkt. 110-2, Exhs. A–D, on the grounds of hearsay, lack of personal knowledge, and lack of foundation, dkts. 113-3 at 3, 114-4 at 3. These objections are **overruled** because courts may consider declarations and depositions on motions for summary judgment. Fed. R. Civ. P. 56(c)(1)(A), (4). In addition, the Court finds that the declarants do not lack personal knowledge or fail to establish foundation for the statements upon which the Court relies in this order. And, to the extent defendants object to the admission of the broker's price opinion attached to one of the declarations, see dkt. 110-2, Exh. C, this document is properly authenticated and is admissible as a record of a regularly conducted business activity, Fed. R. Evid. 803(6). In any event, the document and the portions of the depositions in question are introduced not to prove the truth of the matter asserted, but rather to show defendants' knowledge of certain information.

To the extent the Court does not rely on the evidence to which the parties object, the objections are **overruled** as moot. Having resolved the evidentiary objections, the Court proceeds to the facts of the case.

**B.  Royal Hawk Loan**

The parties are familiar with the facts of this case, so the Court sets forth only those relevant to the disposition of the instant motion.

BSR is a commercial lending company that holds a California real estate broker license. Dkt. 112, Plaintiffs' Statement of Uncontroverted Facts ("SUF") No. 1. On April 25, 2016, Abrams received an email from Gardner containing a Mortgage Investment Bulletin for loan number N2306, a $2,700,000 first mortgage secured by the real property at the Royal Hawk Country Club in St. Charles, Illinois ("Royal Hawk Loan"). SUF Nos. 2–4; see dkt. 110-3, Declaration of Gary Abrams ("Abrams Decl."), Exh. A ("Mortg. Invest. Bulletin"). Aran, DeBenedetto and Rohner also received an effectively identical email containing the same Mortgage Investment Bulletin. SUF No. 5. Plaintiffs subsequently entered into discussions with BSR regarding the loan.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

BSR provided plaintiffs with certain loan documents in connection with the Royal Hawk Loan, two of which are relevant to the instant motion. The first is the Lender/Purchaser Disclosure Statement, on which BSR, listed as the broker, indicated that it was acting in the capacity of an "agent in arranging a loan on behalf of another," as well as in the "[f]unding of this loan." Abrams Decl., Exh. C ("Disclosure Statement") at 1. The second is the Loan Servicing and Equity Interest Agreement, which states that each lender "appoint[s] Servicer [BSR] as his, her or its agent to service the Secured Note, Security Document, Construction Agreement (if applicable) and any other agreements, security instruments and other documents executed in connection therewith (collectively, the 'Loan Documents')," and "appoint[s] the Servicer as Lender's agent to protect Lender's interest in and enforce his, her or its rights under the Loan Documents . . . ." Abrams Decl., Exh. D ("Loan Agreement") at 2.

In early May 2016, Aran invested $25,000 in the Royal Hawk Loan, Abrams invested $500,000, DeBenedetto invested $20,000, and Rohner invested $100,000, each in return for a fractional interest in the loan. SUF Nos. 8–11. Each signed the Disclosure Statement and Loan Agreement. Id.

    **C.**    **Alleged Misrepresentations**

        1.    <u>Property Valuation</u>

Plaintiffs allege that BSR made certain misleading statements in the promotional material for the loan and the loan documents. First, plaintiffs contend BSR overstated the value of the property. For instance, the bulletin represented that BSR had "engaged a local MAI [Member Appraisal Institute] appraiser to value this property," and that he had "provided a value range of $4,800,000 to $5,130,000." Mortg. Invest. Bulletin at 3. In addition, the Disclosure Statement averred that, as of April 19, 2016, an appraiser named Edward V. King appraised the property at $4,800,000. Disclosure Statement at 5.

However, on April 12, 2016, Heather Devermann, Vice President and Senior Executive Broker at Inland Real Estate Brokerage, Inc., provided BSR with a Broker's Price Opinion ("BPO") on the Royal Hawk Country Club. SUF No. 12. This BPO reported the market value of the property as $2,500,000. Dkt. 110-2, Declaration of Andrew B. Goodman ("Goodman Decl."), Exh. C, Declaration of Heather Devermann ("Devermann Decl."), Exh. B ("Royal Hawk BPO") at 5213. The BPO consists of a two-page form, completed by hand, attached to an aerial image of the property and 11, one-page

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

comparables. The comparables also contain handwritten notes. According to the attached invoice, Devermann researched and drafted the report in three hours, and charged $200 for its preparation. Devermann Decl., Exh. C. Gardner, in her deposition, stated that the BPO was not included in the April 12, 2016 investment package. Goodman Decl., Exh. B ("Gardner Depo.") at 200:9–22. According to plaintiffs' declarations, they were never provided with a BPO on the property. SUF No. 17.

    2.    <u>Participation of Borrower</u>

Plaintiffs also contend BSR misled them into believing the borrower would reinvest the Royal Hawk Loan to refinance existing mortgages, while in reality the borrower planned to cash-out on the loan. Specifically, the Mortgage Investment Bulletin represented that the Royal Hawk Loan would "be used to refinance $2,650,000 in mortgages." Mortg. Invest. Bulletin at 3.

However, the borrower intended to cash out on the loan, which BSR appears to have known. For instance, on April 29, 2016—four days after plaintiffs received the email with the Bulletin—Alicia Gandy, Senior Loan Representative at BSR, sent an email to John Weiss, the general partner of the Limited Partnership that was the borrower, inquiring: "So if you really owe only $1,300,000 on this property, what is the cash out to be used for?" Goodman Decl., Exh. A ("Gandy Depo."), Exh. 24; <u>see</u> Gandy Depo. at 183:19–184:1. Gandy forwarded this email to Gardner on May 2, 2016. Gandy Depo., Exh. 24. Gandy further testified in her deposition that she knew Weiss stated the payoff was $1,800,000, and that the difference between this amount and the loan amount of $2,700,000 would provide a cash out for the borrower. Gandy Depo. at 190:12–191:7. Ultimately, on May 26, 2016—the day after the Royal Hawk Loan closed—the Commercial Title Officer who handled the closing of the loan wired, pursuant to BSR's instructions, $519,103.44 to the borrower. Goodman Decl., Exh. D, Declaration of Casey Collins ("Collins Decl.") ¶¶ 6–7; <u>see</u> Collins Decl., Exh. D.

Leading up to the closing, though, BSR apparently made no effort to correct any of the misstatements mentioned above. On May 6, 2016, BSR sent an updated Mortgage Investment Bulletin that was materially identical to the one distributed on April 12, 2016, and which also stated that the loan would "be used to refinance $2,650,000 in mortgages." Abrams Decl., Exh. E at 3. From May 2 to May 16, 2016, Rohner and Gardner exchanged several emails regarding the Royal Hawk Loan, and at no point did Gardner mention the April 12, 2016 BPO nor the fact that the borrower would cash out on the loan. Dkt. 110-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

5, Declaration of Preston Rohner ("Rohner Decl.") ¶ 9; see also Gardner Depo. at 197:16–198:21. According to plaintiffs' declarations, they were never informed the loan was structured such that the borrower would cash out. SUF No. 39.

### D. Default

Soon thereafter, the borrower defaulted on the Royal Hawk Loan, BSR initiated judicial foreclosure proceedings, and a receiver was appointed to manage the Royal Hawk Country Club. SUF No. 42; see dkt. 36 ("BSR Amend. Answer") ¶¶ 21–22. On June 29, 2018, Integra Realty Resources conducted a retroactive appraisal of the Royal Hawk Country Club, and appraised the property as having been worth $1,700,000 as of April 11, 2016. SUF No. 44; see BSR Amend. Answer ¶ 36.

Based on this record, plaintiffs now move for partial summary judgment.[2,3]

## III. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the

---

[2] BSR defendants assert numerous other factual allegations in their opposition, but none are supported by citations to the record, and the Court has been unable to independently verify them with evidence in the record. See BSR Opp. at 2–5.

[3] Gardner contends that she has been unable to access certain emails, notes and correspondence with plaintiffs retained by BSR, and adds that "defendants have not had the opportunity to complete discovery in their defense." Gardner Opp. at 3–4, 6. She contends this has prevented her from adequately rebutting plaintiffs' testimonial evidence regarding their reliance on the alleged misrepresentations stated above. Id. at 3–4. The Court notes, however, that Gardner does not seek relief pursuant to Federal Rule of Civil Procedure 56(d), nor does she make any offer as to how discovery would assist her in defeating summary judgment as required by that rule. In any event, because the Court finds that there are disputed issues of material fact as to fraud, there is no prejudice with regard to this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL        'O'

| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; see Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the evidence presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631, 631 n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## IV. DISCUSSION

Plaintiffs move for partial summary judgment on the issues of whether (1) BSR owed plaintiffs a fiduciary duty, and (2) benefit-of-the-bargain damages are the proper measure of damages due to BSR's fraud committed as a fiduciary.[4] MSJ at 1.

---

[4] As an initial matter, BSR defendants argue that the Court should deny plaintiffs' motion because it "is not directly authorized by FRCP 56(a) and is definitely not within the spirit of partial summary judgment . . . ." BSR Opp. at 6. They reason that plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

### A. Fiduciary Duty

Plaintiffs argue that the Court should grant summary judgment on the issue of the existence of a fiduciary relationship between them and BSR because BSR "[was] acting in the same capacity as a mortgage loan broker and an agent to Plaintiffs, who indisputably invested in one of their loans." Mot. at 11. Blackburne defendants argue only that plaintiffs "seek a determination relating to fiduciary duty premised upon Judge Carney's ruling in another case," namely, Martin Strasburger et al v. Blackburne and Sons Realty Capital Corporation et al, No. 2:20-cv-00220-CJC-JC (C.D. Cal.), which "did not implicate the facts of this case." BSR Opp. at 6–7. Gardner raises the same argument. Gardner Opp. at 4.

The Court has already found, in its December 2, 2019 order denying defendants' motions to dismiss, that a loan broker and its agents owe a fiduciary duty to investors in the loans it makes to borrowers. Dkt. 32 at 26 (citing Barry v. Raskov, 232 Cal. App. 3d 447, 455–56 (1991)). The uncontroverted facts here show that BSR both held itself out as a loan broker, and acted in the capacity of a loan broker. Among other things, the Disclosure Statement provided by BSR to plaintiffs listed BSR as the "broker" and indicated that BSR would act as an "agent in arranging a loan on behalf of another." Disclosure Statement at 1. And the Loan Agreement stated that BSR would act as plaintiffs' "agent to service the Secured Note" and as their "agent to protect [their] interest in and enforce [their] rights under the Loan Documents." Loan Agreement at 2.

In light of this uncontroverted evidence and defendants' failure to raise an objection to the merits of plaintiffs' argument, the Court **GRANTS** plaintiffs' motion for summary judgment on this issue and finds that defendants owed plaintiffs a fiduciary duty.

---

seek "an advisory ruling" on the issue of fiduciary duty and the measure of damages. Id. 10–11. To the contrary, plaintiffs seek summary judgment with regard to two elements of their breach of fiduciary duty claim: the existence of that duty, and the measure of damages for its breach. This is well-within the bounds of Federal Rule of Civil Procedure 56.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

### B. Measure of Damages

Plaintiffs argue that BSR's apparent withholding of the BPO and misrepresentations regarding the borrower's participation in the loan give rise to benefit-of-the-bargain damages on the breach of fiduciary duty claim against BSR. MSJ at 11.

#### 1. Benefit-of-the-Bargain Damages Under California Law

Under California law, "[t]here are two measures of damages for fraud: out-of-pocket and benefit of the bargain." Alliance Mortgage Co. v. Rothwell, 10 Cal. 4th 1226, 1240 (1995) (citation omitted).

> The "out-of-pocket" measure of damages "is directed to restoring the plaintiff to the financial position enjoyed by him prior to the fraudulent transaction, and thus awards the difference in actual value at the time of the transaction between what the plaintiff gave and what he received. The 'benefit-of-the-bargain' measure, on the other hand, is concerned with satisfying the expectancy interest of the defrauded plaintiff by putting him in the position he would have enjoyed if the false representation relied upon had been true; it awards the difference in value between what the plaintiff actually received and what he was fraudulently led to believe he would receive."

Id. (quoting Stout v. Turney, 22 Cal. 3d 718, 725 (1978)).

In general, California Civil Code section 3343(a) ("Section 3343") limits plaintiffs to recovering out-of-pocket damages for fraud claims involving the purchase, sale or exchange of property. Cal. Civ. Code § 3343(a). However, the California Supreme Court has held that Section 3343 "does not apply . . . when a victim is defrauded by its fiduciaries." Alliance Mortgage, 10 Cal. 4th at 1241. Rather, "[i]n this situation, the 'broader' measure of damages provided by [California Civil Code] sections 1709 and 3333 applies." Id. (citation omitted).

The question, then, is whether the "broader measure" provided by California Civil Code sections 1709 ("Section 1709") and 3333 ("Section 3333") includes benefit-of-the-bargain damages in instances of fraud by a fiduciary. Section 1709 provides that "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." Section 3333, the general tort

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

damage measure, provides that, "[f]or the breach of an obligation not arising from contract, the measure of damages . . . is the amount which will compensate for all the detriment proximately caused thereby, whether it could have been anticipated or not."

There is some ambiguity as to the significance of these provisions in the context of fraud by a fiduciary. The California Supreme Court has held that a plaintiff is limited out-of-pocket losses "suffered because of [a] fiduciary's *negligent* misrepresentation under section 3333." Alliance Mortgage, 10 Cal. 4th at 1250–51 (citation omitted) (emphasis added). However, although that Court observed that "the measure of damages under section 3333 might be greater for a fiduciary's *intentional* misrepresentation," the Court did "not address that issue," id. at 1251 (citation omitted) (emphasis in original), and has not addressed it since, see Moore v. Teed, 48 Cal. App. 5th 280, 290 (2020).

Historically, California Courts of Appeal have split on the issue. Since Alliance Mortgage, however, the predominant view has been to find benefit-of-the-bargain damages available under Sections 1709 and 3333 in cases of intentional fraud committed by a fiduciary, including in the context of real estate transactions. See Moore, 48 Cal. App. 5th at 289 ("[W]e are persuaded by the majority of courts which have concluded that benefit-of-the-bargain damages are recoverable in fraud actions where a fiduciary induces an individual to purchase, sell, or exchange real property to their detriment."); Strebel v. Brenlar Investments, Inc., 135 Cal. App. 4th 740, 744–45 (2006) (permitting damage award that included loss in appreciation where real estate broker's fraudulent concealment of facts induced client to sell house prematurely); Fragale v. Faulkner, 110 Cal. App. 4th 229, 238 (2003) (concluding benefit-of-the-bargain damages apply in intentional fraud claims involving a fiduciary); see also Salahutdin v. Valley of California, Inc., 24 Cal. App. 4th 555, 567 (1994) (concluding benefit-of-the-bargain damages were appropriate under Sections 1709 and 3333 in case of faithless fiduciary); Pepitone v. Russo, 64 Cal. App. 3d 685, 689 (1976) (same); cf. Ambassador Hotel Co. v. Wei-Chuan Inv., 189 F.3d 1017, 1033 (9th Cir. 1999) (upholding district court's awarding benefit-of-the-bargain damages, although remanding to recalculate damages).

The general premise behind this line of reasoning is that the availability of benefit-of-the-bargain damages "is consonant with the principle that 'the faithless fiduciary shall make good the full amount of the loss of which his breach of faith is a cause,'" which is "the aim" of "the remedy afforded by sections 1709 and 3333 . . . ." Fragale, 110 Cal. App. 4th at 237 (quoting Salahutdin, 24 Cal. App. 4th at 567, 568). The Fragale court cited to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

leading treatise in explaining that availability of benefit-of-the-bargain damages in cases of fraud committed by a fiduciary arises from the joint application of the principles that (1) a plaintiff is entitled to all damages, whether anticipated or not, proximately caused by a breach of a non-contractual obligation; and (2) "one who willfully deceives another with the intent to induce him to alter his position" is liable for any damages suffered as a result. Fragale, 110 Cal. App. 4th at 238–39 (citing 2 Miller & Starr, Cal. Real Estate § 3.33 (3d ed. 2000)).

The Court is aware of only one California Court of Appeals case since Alliance Mortgage to find that, even in the case of intentional fraud committed by a fiduciary, benefit-of-the-bargain damages are unavailable. In Hensley v. McSweeney, 90 Cal. App. 4th 1081 (2001), the court, adopting the reasoning in Overgaard v. Johnson, 68 Cal. App. 3d 821 (1977), limited the plaintiff in a suit alleging fraud by a fiduciary in a real property transaction to out-of-pocket damages. However, as the court in Moore pointed out, "Overgaard involved allegations of negligent misrepresentation by a fiduciary, and Hensley [did] not explain why the same out-of-pocket rule should apply for a fiduciary's intentional fraud." Moore, 48 Cal. App. 5th at 291.

Based on the majority line of authority since Alliance Mortgage and the reasoning supporting it, the Court is persuaded that, under California law, benefit-of-the-bargain damages are available in cases of a fiduciary's intentional fraud involving real estate transactions. The Court therefore proceeds to determine whether plaintiffs are entitled to summary judgment on the question of whether defendants committed intentional fraud.

2. Fraud

In their complaint, plaintiffs allege that defendants breached their fiduciary duty to plaintiffs in part by "misrepresent[ing] and conceal[ing] facts from Plaintiff Investors with the intention of depriving them of property or legal rights . . . ." Compl. ¶ 89. Plaintiffs also allege several claims sounding in fraud, including fraudulent inducement. "To state a cause of action for fraud, a plaintiff must allege '(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" Neilson v. Union Bank of California, N.A., 290 F. Supp. 2d 1101, 1140–41 (C.D. Cal. 2003) (citing Engalla v. Permanente Medical Group, Inc., 15 Cal. 4th 951, 974 (1997)); see Stretch Lab Franchise, LLC v. Stretch Lab, LLC, No. CV 18-7816-GW(SSX), 2019 WL 2279388, at *1 (C.D. Cal. Mar. 4, 2019) (same elements for fraudulent inducement).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                     **'O'**

| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

Plaintiffs argue that undisputed facts establish that defendants committed fraud by misrepresenting the value of the property and the use to which the borrower intended to put the funds loaned. MSJ at 18–19.

BSR defendants respond that they will present evidence at trial that it was reasonable for BSR to ignore the BPO, and further that whether it was reasonable for BSR to ignore the BPO is a triable issue unamenable to summary judgment. BSR Opp. at 4. More specifically, BSR defendants contend they will show at trial that the BPO "did not make sense," that the broker who prepared it selected inappropriate comparables and "did not understand the definition of fair market value." Id. Furthermore, BSR defendants argue that cash-out loans are commonplace and indeed preferable for certain reasons. Id. Gardner in turn points out that the Mortgage Investment Bulletin contained several warnings about the risks associated with first mortgage investments, and that an Offering Circular warned plaintiffs that BSR disclaimed liability for inaccurate appraisals, although Gardner does not cite to this document in the record. Gardner Opp. at 2–3. Additionally, she argues that there is reason to believe the BPO was unreliable, and that early representations regarding the amount of the Royal Hawk Loan going to pay off outstanding mortgages were only estimates. Id. at 4, 5. Finally, Gardner argues there is a genuine dispute of fact as to whether plaintiffs relied on the alleged misrepresentations. Id. at 6.

Based on the record, there remains a genuine dispute of material fact as to whether defendants intentionally defrauded plaintiffs. Indeed, "[f]raud claims normally are so larded with fact issues (including issues as to intent) that summary judgment is seldom possible." Garter-Bare Co. v. Munsingwear, Inc., 650 F.2d 975, 981 (9th Cir. 1980); see Alliance Mortgage, 10 Cal. 4th at 1239 ("Except in the rare case where the undisputed facts leave no room for a reasonable difference of opinion, the question of whether a plaintiff's reliance is reasonable is a question of fact.").

Accordingly, because there is a question of fact as to whether defendants committed intentional fraud, the Court cannot decide what measure of damages applies in this case. At trial, the jury should be provided with a special verdict form which requests a determination of both out-of-pocket and benefit-of-the-bargain damages. The Court will revisit the question of which damage calculation is appropriate on a motion pursuant to Federal Rule of Civil Procedure 50 at the conclusion of trial.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:19-cv-06947-CAS-ASx | Date | July 1, 2021 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS in part** and **DENIES in part** plaintiffs' motion for partial summary judgment.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |