UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | September 2, 2022 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - PLAINTIFFS' MOTION FOR PRETRIAL DISCOVERY OF THE FINANCIAL CONDITION OF DEFENDANTS BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, GEORGE BLACKBURNE, III, AND ANGELICA GARDNER (Dkt. 223, filed on AUGUST 12, 2022)

## I. INTRODUCTION AND BACKGROUND

The Court finds that plaintiffs' motion is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On August 9, 2019, plaintiffs Gary Abrams, individually and as trustee of the Gary Abrams Living Trust Dated 4/28/2008; Jeffrey Aran; Stephen Debenedetto; and Preston Rohner (collectively, "plaintiffs"), filed the complaint in this action against Blackburne and Sons Realty Capital Corporation; and George Blackburne, III ("the Blackburne defendants"); Angelica Gardner; Angela Vannucci; and Does 1 through 10, inclusive (collectively, "defendants"). Dkt. 1. The procedural history of this case is known to the parties.

This case involves a dispute between plaintiffs, who are individual investors in a hard money loan, and defendants, a commercial lending company and its agents, who brokered that loan between plaintiffs, other investors, and a group of borrowers. Id. In substance, plaintiffs allege that defendants committed fraud and violated other laws by making material misrepresentations in the solicitation materials they sent plaintiffs to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | September 2, 2022 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

induce them to invest in a loan secured by the Royal Hawk Country Club ("Royal Hawk"). Id.

On August 1, 2022, the Court held a pretrial conference hearing at which it ruled on the parties' motions *in limine*. Dkt. 210. The Court also continued the date of trial, which had been set for August 9, 2022, to December 13, 2022, on the basis of the medical of one of the parties. Dkt. 205. At the conference, plaintiffs asked the Court how it intended to structure the bifurcated phases of the trial. The Court stated that the first phase of trial on defendants' liability would be followed immediately by the second potential phase on the determination of punitive damages (if awarded by the jury in the first phase).

On August 2, 2022, plaintiffs filed an *ex parte* application to continue motion and discovery cut-off for the sole purpose of filing a motion to seek pretrial discovery of the financial condition of the Blackburne defendants and defendant Gardner. Dkt. 212.

On August 5, 2022, the Court directed plaintiffs file to their motion seeking pretrial discovery of defendant Gardner and the Blackburne defendants' financial condition. Dkt. 217. The plaintiffs filed the instant motion on August 12, 2022. Dkt. 223 ("Mot.").

On August 22, 2022, the Blackburne defendants filed their opposition to plaintiffs' motion, dkt. 225 ("Blackburne Opp."), as did defendant Gardner, dkt. 226 ("Gardner Opp."). Defendant Vannucci does not oppose the motion.

On August 29, 2022, plaintiffs filed a reply in support of their motion to seek pretrial discovery. Dkt. 227 ("Reply").

Plaintiffs' motion seeking pretrial discovery is presently before the Court. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Rule 16(b)(4) provides that a scheduling order shall be modified "only for good cause." "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson, 975 F.2d at 609. Accordingly, while the court may consider the "existence or degree of prejudice" to the opposing party, the focus of the court's inquiry is upon the moving party's explanation for failure to timely move for leave to amend. Id. "The pretrial schedule may be modified 'if it cannot reasonably be met

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'**

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | September 2, 2022 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

despite the diligence of the party seeking the extension.' " Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 609).

The Ninth Circuit has instructed district courts to consider the following factors when deciding a Rule 16 motion to reopen discovery: "1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence." City of Pomona v. SQM N. Am. Corp., 866 F.3d 1060, 1066 (9th Cir. 2017).

### III.   DISCUSSION

#### A.   Good Cause to Modify Rule 16 Scheduling Order

Plaintiffs seek to modify the Court's December 28, 2021 Order establishing the May 6, 2022 discovery cut-off, for which they contend they have established good cause. Applying the Pomona factors described above, plaintiffs argue that they do not weigh in favor of denying the requested relief. Specifically, plaintiffs argue that they are "exercising diligence" in trying to obtain this pretrial discovery by having filed an *ex parte* application the day "learn[ing] that the Court intends to hold phase two of the trial immediately after phase one," and that they have already prepared "specific, targeted discovery requests." Mot. at 8–9. Plaintiffs likewise claim that the "foreseeability" factor weighs in favor of their motion because "the need for this discovery now, as opposed to after establishing liability and malice, oppression, or fraud" was not foreseeable until the August 1, 2022 pretrial conference." Id. at 10. Additionally, plaintiffs argue that the other Pomona factors weigh in favor of granting the motion as trial is not sufficiently imminent, there is no prejudice to the non-moving parties because discovery responses can be kept confidential subject to the stipulated protective order, and the discovery requests for the defendants' financial condition will lead to relevant evidence "essential to proving the amount of punitive damages." Id. at 9–10.

In opposition, the Blackburne defendants and defendant Gardner argue that plaintiffs failed to demonstrate good cause. The Blackburne defendants claim that "there was nothing" preventing plaintiffs from pursuing this discovery prior to the cut-off date. Blackburne Opp. at 2–3. Defendant Gardner argues that plaintiffs were not diligent in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**             'O'

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | September 2, 2022 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

obtaining discovery of the defendants' financial condition because there "is no reasonable explanation" for the delay. Gardner Opp. at 5. Defendant Gardner also claims that the need for discovery on this matter was foreseeable, given that plaintiffs "pleaded punitive damages in their complaint," "had over two years to obtain discovery [of financial condition]," and "made no motion to bifurcate the punitive damages phase to allow them to obtain information as to defendants' financial condition after the main phase." Id. at 8.

At the pretrial conference on August 1, 2022, the Court *sua sponte* directed the plaintiffs to file the appropriate motions to be relieved from the motion and discovery cut-off to enable them to conduct discovery of the defendants' financial condition. Believing pursuant to California state practice that they could conduct this discovery after establishing liability, plaintiffs misapprehended the amount of time between the planned phases of the trial in this case. See Dkt. 223-1, ¶ 4. The July 25, 2022 pretrial conference order had stated the trial would have two phases, but did not specify the length of time between the phases. Dkt. 197. When the Court stated at the August 1, 2022 pretrial conference that a trial would proceed immediately between the two phases using the same assembled jury, plaintiffs realized their error and brought it to the attention of the Court at the conference. They subsequently filed their appropriate motions as soon as practicable.

While the Court recognizes that it must give due consideration to the Pomona factors, in this case, the Court exercises its discretion under Federal Rule of Civil Procedure 16 to permit plaintiffs to seek the requested discovery. This is appropriate because at the August 1, 2022 pretrial conference, plaintiffs first learned that the Court intended to try the punitive damage phase, if applicable, immediately following the liability phase of this case. Although their reliance was misplaced, it was not unreasonable in light of the fact that the parties had agreed to bifurcate the case for plaintiffs to rely on Section 3295 of the California Civil Code.[1] Additionally, given the confidentiality provisions discussed below,

---

[1] California state law generally prohibits pretrial discovery of a defendant's financial condition unless the plaintiff requests a court order and establishes a "substantial probability that plaintiff will prevail on" claim for oppression, fraud, or malice. See Cal. Civ. Code § 3295. Defendants contend that plaintiffs are required to make that showing in the instant motion. But the relevant cases make clear that California Civil Code Section 3295 "merely restricts when and how evidence of a defendant's financial condition is obtained," making the section "procedural rather than substantive." LL B Sheet 1, LLC v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | September 2, 2022 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

there is no unfair prejudice to the defendants if the limited discovery proceeds.[2] Moreover, permitting pretrial discovery saves time for the Court and the jury at trial.

Accordingly, the Court finds that plaintiffs have demonstrated the requisite good cause to seek discovery of the defendants' financial condition at this point in litigation.

**B.  Privacy Considerations Related to this Discovery Request**

Defendant Gardner opposes plaintiffs' motion by raising a "claim of privilege" under California state law, arguing that "her privacy rights should outweigh any need for this information." Gardner Opp. at 9–10.

In response, plaintiffs cite to other courts in this district finding that "the public interests favoring disclosure such as ascertainment of the truth and obtaining a just resolution of claims outweigh defendant[s'] privacy interests here, particularly as the information may be produced subject to the protective order already in place." Mot. at 7 (quoting Covarrubias v. Ocwen Loan Servicing, LLC, No. 17-cv-904, 2018 WL 5914240, at *3 (C.D. Cal. Jun. 21, 2018)).

The Court agrees with plaintiffs that the defendants' asserted privacy interests can be accommodated through the stipulated protective order already in place in this litigation, and that the public interest weighs in favor of that restricted method of disclosure given that presenting evidence of a defendant's financial condition is a legal precondition for pursuing a punitive damages claim.

---

Loskutoff, No. 16-cv-02349, 2016 WL 7451632, at *2 (N.D. Cal. Dec. 28, 2016) (citing Oakes v. Havlorsen Marine Ltd., 179 F.R.D. 281, 284–85 (C.D. Cal. 1998)). Accordingly, under the Erie doctrine, federal—and not state—procedural law governs the process for seeking discovery of a defendant's financial condition. Bass v. First Pac. Networks, Inc., 219 F.3d 1052, 1055 n.2 (9th Cir. 2000).

[2] The Blackburne defendants argue that they will be prejudiced by this additional discovery due to added fees and costs. Blackburne Opp. at 4. They request that plaintiffs be responsible for the fees and costs incurred by defendants in responding to the subject motion and the new discovery. Id. The Court reserves judgment on this issue until the conclusion of the case.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | September 2, 2022 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiffs' motion to conduct pretrial discovery of the Blackburne defendants and defendant Gardner's financial condition.

Although plaintiffs have submitted what they maintain are "specific, targeted discovery requests," see Mot. at 9, the Court finds the proposed interrogatory and request for production to be broader in scope than is necessary for the purposes of establishing the defendants' financial condition to calculate any punitive damages to be awarded at trial. Accordingly, the Court believes that the Blackburne defendants and defendant Gardner should produce all balance sheets submitted to financial institutions since 2020, and if that is not available, then plaintiffs may request the other material in their attached request for production. See Dkt. 223-1, Exs. D–F.

IT IS SO ORDERED.

                                                                   00 : 00
                              Initials of Preparer      CMJ