UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:19-CV-06947-CAS(ASx) | Date | October 11, 2022 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present    Not Present

**Proceedings:** (IN CHAMBERS) - DEFENDANT GARDNER'S MOTION FOR STAY OF ENTIRE ACTION PENDING CONCLUSION OF APPEAL (Dkt. 230, filed on SEPTEMBER 30, 2022)

## I.   INTRODUCTION AND BACKGROUND

Defendant Gardner's motion to stay the case pending appeal is presently before the Court. The Court finds that the motion is appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. Accordingly, the matter is hereby taken under submission.

On August 9, 2019, plaintiffs Gary Abrams, individually and as trustee of the Gary Abrams Living Trust Dated 4/28/2008; Jeffrey Aran; Stephen Debenedetto; and Preston Rohner (collectively, "plaintiffs"), filed the complaint in this action against Blackburne and Sons Realty Capital Corporation; and George Blackburne, III ("the Blackburne defendants"); Angelica Gardner; Angela Vannucci; and Does 1 through 10, inclusive (collectively, "defendants"). Dkt. 1. The procedural history of this case is known to the parties.

This case involves a dispute between plaintiffs, who are individual investors in a hard money loan, and defendants, a commercial lending company and its agents, who brokered that loan between plaintiffs, other investors, and a group of borrowers. Id. In substance, plaintiffs allege that defendants committed fraud and violated other laws by making material misrepresentations in the solicitation materials they sent plaintiffs to induce them to invest in a loan secured by the Royal Hawk Country Club ("Royal Hawk"). Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:19-CV-06947-CAS(ASx) | Date | October 11, 2022 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

On August 1, 2022, the Court held a pretrial conference hearing at which it ruled on the parties' motions *in limine*. Dkt. 210. The Court also continued the date of trial, which had been set for August 9, 2022, to December 13, 2022, on the basis of the medical condition of one of the parties. Dkt. 205. At the pretrial conference, plaintiffs asked the Court how it intended to structure the bifurcated phases of the trial. The Court stated that the first phase of trial on defendants' liability and damages would be followed immediately by the second potential phase on the determination of punitive damages (if awarded by the jury in the first phase).

On August 2, 2022, plaintiffs filed an *ex parte* application to continue motion and discovery cut-off for the sole purpose of filing a motion to seek pretrial discovery of the financial condition of the Blackburne defendants and defendant Gardner. Dkt. 212.

On August 5, 2022, the Court directed plaintiffs file to their motion seeking pretrial discovery of defendant Gardner and the Blackburne defendants' financial condition. Dkt. 217. The plaintiffs filed that motion on August 12, 2022, which defendant Gardner and the Blackburne defendants opposed. Dkts. 223, 225, 226.

On September 2, 2022, the Court granted plaintiffs' motion and directed the defendants to "produce all balance sheets submitted to financial institutions since 2020." Dkt. 228 ("September 2 Order"). If that information is not available, "then plaintiffs may request the other material in their attached request for production." Id.

On September 30, 2022, defendant Gardner filed a notice of appeal, intending to appeal the September 2 Order to the Ninth Circuit. Dkt. 231. She concurrently filed a motion to stay the entire action pending conclusion of that appeal. Dkt. 230 ("Mot.").

On October 4, 2022, defendant Gardner filed an *ex parte* application to advance the hearing date for her motion to stay the case, which plaintiffs opposed on October 6, 2022. Dkts. 236, 239.

Having carefully considered the parties' arguments and submissions, the Court denies defendant's motion to stay the case for the reasons set forth below. The Court additionally denies defendant's *ex parte* application on the basis that it is moot.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:19-CV-06947-CAS(ASx) | Date | October 11, 2022 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

## II.   LEGAL STANDARD

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (internal quotations omitted).

A court exercises its distraction to stay proceedings according to the following factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)).

## III.   DISCUSSION

Defendant has not demonstrated under the Nken four factors that a stay of the entire action is appropriate under the circumstances. It appears that defendant's appeal is likely not cognizable. See 28 U.S.C. § 1292; Fed. R. Civ. P. 54. Ultimately, the question of whether her appeal is cognizable is for the appellate court. For the purposes of seeking this stay, however, whether or not the underlying order is properly appealable is irrelevant because it was issued to enable the Court to proceed directly to a punitive damages phase of the trial if the jury found malice. At this juncture, the questions of liability and damages have yet to be decided. There is simply no reason to stay this case which is ready for trial on the issues of liability and damages and the determination of any threshold entitlement to punitive damages. As such, staying the entire action would not serve any legitimate purpose. Finally, defendant fails to make any showing that she will be irreparably harmed if a stay is not granted. See Dkt. 230 at 3.

## IV.   CONCLUSION

In accordance with the foregoing, the Court **DENIES** defendant's motion to stay the case pending appeal, and **DENIES** defendant's *ex parte* application as moot.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |