FARHAD NOVIAN (SBN 118129)
farhad@novianlaw.com
ANDREW B. GOODMAN (SBN 267972)
agoodman@novianlaw.com
NOVIAN & NOVIAN, LLP
1801 Century Park East, Suite 1201
Los Angeles, CA  90067
Telephone:   (310) 553-1222
Facsimile:    (310) 553-0222

Attorneys for plaintiffs GARY ABRAMS, JEFFREY ARAN, STEPHEN DEBENEDETTO, and PRESTON ROHNER

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY ABRAMS, individually and as trustee of the Gary Abrams Living Trust Dated 4/28/2008; JEFFREY ARAN, an individual; STEPHEN DEBENEDETTO, an individual; and PRESTON ROHNER, an individual<br><br>Plaintiffs,<br><br>v.<br><br>BLACKBURNE AND SONS REALTY CAPITAL CORPORATION, a California Corporation; GEORGE BLACKBURNE, III, an individual; ANGELICA GARDNER, an individual; ANGELA VANNUCCI, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 2:19-cv-06947-CAS-AS<br><br>**DECLARATION OF FARHAD NOVIAN IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT**<br><br>[Notice of Motion, Motion to Enforce Settlement Agreement, Declaration of Andrew B. Goodman, and [Proposed] Order filed concurrently]<br><br>Hearing date: May 15, 2023<br>Time: 10:00 a.m.<br>Place: Courtroom 8D<br>Judge: The Honorable Christina A. Snyder |

# DECLARATION OF FARHAD NOVIAN

I, Farhad Novian, declare:

1. I am an attorney duly licensed to practice before the courts of the State of California and, among others, the United States District Court for the Central District of California. I am an the managing partner of Novian & Novian, LLP, counsel for plaintiffs GARY ABRAMS, individually and as trustee of the Gary Abrams Living Trust Dated 4/28/2008 ("Abrams"), JEFFREY ARAN ("Aran"), STEPHEN DEBENEDETTO ("DeBenedetto"), and PRESTON ROHNER ("Rohner") (collectively, Abrams, Aran, DeBenedetto, and Rohner are "Plaintiffs") in the instant action. I am familiar with the files and pleadings in this case, and I have personal knowledge of the facts stated herein. If called upon to do so, I would competently testify to the contents of this Declaration. I make this Declaration in support of the concurrently filed Plaintiffs' Motion to Enforce Settlement Agreement.

2. On December 2, 2022, Mr. Andrew Goodman and I discussed the possibility of settlement with Mr. David Chute, counsel for George Blackburne, III and Blackburne and Sons Realty Capital Corporation (collectively, "Blackburne"). We had two phone conversations with Mr. Chute lasting about 40 minutes total. The central focus of these calls was to see if we could get closer to reaching an agreement on the settlement amount.

3. When I completed a court appearance in the afternoon of December 7, 2022, I called Mr. Goodman and we tried calling Mr. Chute together to follow up on the settlement discussions. This was at around 2:30 p.m. We left Mr. Chute a voicemail and Mr. Goodman followed up with an email on December 7, 2022 at 6:16 p.m.

4. Mr. Chute called Mr. Goodman on the morning of December 8, 2022. Mr. Goodman conferenced me in and I spoke with him and Mr. Chute for about 15

minutes. Mr. Chute informed us that the insurance company rejected our counter-offer for a higher settlement amount that included Mr. Rohner's judgment in the Sacramento action. However, this was the only point of disagreement (i.e., whether Blackburne would voluntarily contribute to pay Mr. Rohner's judgment and whether Mr. Rohner's judgment would be included in the mutual releases). Mr. Goodman and I asked Mr. Chute if he had asked Mr. Blackburne whether he would separately chip in the additional demanded amount related to Mr. Rohner's judgment. Mr. Chute said that he had not spoken to Mr. Blackburne because, in his experience with Mr. Blackburne, Mr. Blackburne had a tendency to react emotionally and Mr. Chute believed that asking him to separately chip in the additional demanded amount right now would blow up the entire deal. Nonetheless, Mr. Chute offered to speak with Mr. Blackburne again in a few weeks once we had circulated a long-form settlement agreement. Mr. Chute pitched Mr. Goodman and I on the idea that Mr. Blackburne would be more inclined to voluntarily pay Mr. Rohner's judgment if we got his buy-in on what we had agreed upon to date, and had the discussion about Mr. Rohner's judgment later. Mr. Goodman and I reiterated that our clients wanted to be completely done with Blackburne. However, because Mr. Rohner already had a judgment against Blackburne and would not be giving up any rights if Blackburne did not voluntarily pay it at that time, Mr. Goodman and I were agreeable to presenting Mr. Chute's proposal to our clients.

5. Without waiving the attorney-client privilege, Mr. Goodman and I presented Mr. Chute's proposal to Plaintiffs in the late morning/early afternoon of December 8, 2022. Plaintiffs were in agreement with the settlement amount not including the amount of Mr. Rohner's judgment at that time, with the understanding that Mr. Chute would circle back with Blackburne in a few weeks and that we still had the right to collect via writ of execution. In addition, Plaintiffs were in agreement that there would be mutual releases of all known and unknown claims

1 between the parties, including the appeal in the Sacramento action, any outstanding
2 rights to appeal the order awarding Mr. Rohner attorneys' fees and Mr. Rohner's
3 judgment, and the outstanding claims against Mr. Abrams and Mr. DeBenedetto; but
4 that the only carve-out to the general mutual releases would be for Mr. Rohner's
5 judgment. Consequently, Mr. Goodman emailed all defense counsel on December 8,
6 2022 at 1:40 p.m. to memorialize the material terms of the settlement we had
7 reached, with the understanding that they would be further documented in a long-
8 form settlement agreement. All defense counsel confirmed their agreement in email
9 responses to Mr. Goodman's email of December 8, 2022 at 1:40 p.m., on which I
10 was copied. At no point prior to receiving these confirmations did any of the defense
11 attorneys state that the releases would be anything other than general mutual releases
12 with a carve-out for Mr. Rohner's judgment, nor was that my understanding.

      6. The general release language in Mr. Chute's first draft of the long-form settlement agreement (Exhibit D to the concurrently filed Declaration of Andrew B. Goodman, which I have seen and reviewed) was standard language I have seen in California settlement agreements throughout the course of my career, including the California Civil Code 1542 waiver. The problem was that, as drafted, the general release was unilateral; Defendants would not be releasing Plaintiffs from <u>anything</u>, contrary to what the Parties, through counsel, agreed on December 8, 2022 before taking the trial off calendar (i.e., <u>mutual</u> releases). The draft that Mr. Chute circulated also said nothing about a carve-out of Mr. Rohner's judgment from the mutual releases.

      7. Mr. Chute never communicated, verbally or in writing, prior to confirming the mutual general releases in his December 8, 2022 email, that there was any carve-out for the Sacramento action generally (outside of Mr. Rohner's judgment). Indeed, Mr. Chute never communicated, verbally or in writing, prior to confirming the mutual general releases in his December 8, 2022 email, that

1  Blackburne was asking for any carve-out <u>at all</u>, nor would Plaintiffs have agreed to
2  it.
3     I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing is true and correct. Executed on April 17, 2023 at Los
5  Angeles, California.

                                        */s/ Farhad Novian*
                                        FARHAD NOVIAN

4
DECLARATION OF FARHAD NOVIAN IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT

## CERTIFICATE OF SERVICE

I certify that all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of the above document on April 17, 2023 via the Court's CM/ECF system. Any other parties or counsel of record will be served by regular and/or electronic mail.

/s/ Andrew B. Goodman
Andrew B. Goodman