UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. | 2:19-CV-06947-CAS (ASx) |
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. |
| Date | May 15, 2023 |

Present: The Honorable **CHRISTINA A. SNYDER**

| Catherine Jeang | Deborah Parker | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:

Farhad Novian
Andrew Goodman

Attorneys Present for Defendants:

David Chute
Catherine Adams
James Orland

**Proceedings:** PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AGREEMENT (Dkt. 264, filed on APRIL 17, 2023)

## I. INTRODUCTION

On August 9, 2019, plaintiffs Gary Abrams, individually and as trustee of the Gary Abrams Living Trust Dated 4/28/2008; Jeffrey Aran; Stephen Debenedetto; and Preston Rohner (collectively, "plaintiffs"), filed the complaint in this action against Blackburne and Sons Realty Capital Corporation ("BSR"); and George Blackburne, III (together, "the Blackburne defendants"); Angelica Gardner; Angela Vannucci; and Does 1 through 10, inclusive (collectively, "defendants"). Dkt. 1. Plaintiffs' complaint alleges the following ten claims for relief: (1) securities fraud, in violation of section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5, 17 C.F.R. § 240.10b-5; (2) securities fraud, in violation of California Corporations Code § 25501; (3) securities fraud, in violation of California Corporations Code § 25501.5; (4) recission due to fraud; (5) fraudulent inducement; (6) negligent misrepresentation; (7) breach of fiduciary duty; (8) negligence; (9) constructive trust; and (10) accounting.

This case arises out of a dispute between plaintiffs, who invested in a loan, and defendants, a commercial lending company and its agents, who brokered that loan between plaintiffs, other investors, and a group of borrowers. Id. In substance, plaintiffs allege that defendants committed fraud and violated other laws by making material misrepresentations in the solicitation materials they sent plaintiffs to induce them to invest in the loan secured by the Royal Hawk Country Club ("Royal Hawk"). Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | May 15, 2023 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

The case was scheduled for a jury trial to commence on December 13, 2022. However, on December 9, 2022, the parties filed a notice of settlement and requested the trial be taken off calendar. Dkt. 259 ("Notice of Settlement").

On February 7, 2023, the parties filed a joint status report regarding settlement. Dkt. 261 ("Settlement Status Report"). On February 23, 2023, the Court held a status conference at which counsel for plaintiffs, the Blackburne defendants, and Gardner appeared. At the status conference, the parties discussed disagreements in finalizing the long-form version of the settlement, and counsel for plaintiffs indicated that they would file a motion to enforce the settlement agreement if the parties were unable to resolve the outstanding issues.

On April 17, 2023, plaintiffs filed a motion to enforce the settlement agreement. Dkt. 264 ("Mot."). On April 24, 2023, the Blackburne defendants filed an opposition. Dkt. 266 ("Blackburne Opp."). On April 25, 2023, Vannucci filed an opposition. Dkt. 267 ("Vannucci Opp."). On April 28, 2023, Gardner filed an opposition. Dkt. 268 ("Gardner Opp."). On May 1, 2023, plaintiffs filed a reply. Dkt. 629 ("Reply").

On May 15, 2023, the Court held a hearing. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

### A. Overview of litigation between the parties

As set forth above and described in prior orders, plaintiffs are investors who have brought federal and state law claims based on allegations that defendants made material misrepresentations in the solicitation materials they sent plaintiffs to induce them to invest in a loan secured by the Royal Hawk.

On December 16, 2019, BSR filed a counterclaim against "Does 1 through 10 and Roes 11 through 20" for libel and slander. Dkt. 34. On January 31, 2020, the Court dismissed BSR's counterclaim as insufficiently pled to establish subject matter jurisdiction over the claims. Dkt. 44. The Court granted leave to amend, but BSR did not file an amended counterclaim.

Instead, after this Court dismissed BSR's counterclaim, Blackburne and BSR sued "Does 1 through 20" for defamation in Sacramento County Superior Court. See George

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | May 15, 2023 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

Blackburne, III, et al. v. DOES 1–20 (Sacramento Superior Court Case No. 34-2020-00279535) ("Sacramento defamation action"). According to the plaintiffs in this litigation, Blackburne and BSR amended their complaint to substitute the plaintiffs for Doe defendants in the Sacramento defamation action. Settlement Status Report at 2.[1] Rohner and Aran were served in the Sacramento defamation action, but Abrams and DeBenedetto were not. Mot. at 1–2.

On June 22, 2022, the Sacramento Superior Court granted an anti-SLAPP motion filed by Rohner, and he obtained an award of attorneys' fees against Blackburne on September 6, 2022, and a judgment on October 18, 2022. Id. at 2. At some point in 2022, Blackburne filed an appeal of the June 2022 order granting Rohner's anti-SLAPP motion, but as of the present date, has not filed an appeal from the judgment and award of attorneys' fees. Id. at 10–11. As of the filing of plaintiffs' instant motion, Blackburne's appeal of the anti-SLAPP order is still pending.

### B. Settlement negotiations in this litigation

As noted above, this action was set for jury trial scheduled to commence on December 13, 2022. The parties' counsel engaged in settlement discussions by phone and email starting December 2, 2022. The parties disagree as to the substance of the phone conversations. According to plaintiffs, the settlement negotiations centered on resolving plaintiffs' desire for a "global" mutual release that would include the Sacramento defamation action. Mot. at 4–7. Plaintiffs sought a settlement sum that would include Rohner's anti-SLAPP judgment and award, but they ultimately indicated they would agree to exclude the fees awarded in the Sacramento action and a carve out from the mutual release to permit Rohner to execute on his judgment. In contrast,

---

[1] Apparently, Blackburne and BSR also named other persons who are not parties to this litigation as defendants in the Sacramento defamation action. According to the plaintiffs in this litigation, Blackburne and BSR have subsequently dismissed those other persons, as well as Aran, as parties in the Sacramento defamation action. See Settlement Status Report at 2–3. Thus, it appears that the only defendants remaining in the Sacramento defamation action are Abrams, DeBenedetto, and Rohner (three of the four plaintiffs in this litigation). Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | May 15, 2023 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

according to the Blackburne defendants, the settlement negotiations "only included the subject action and not Mr. Blackburne's defamation action." Dkt. 266-1 at 3.

According to plaintiffs, on December 2, 2022, plaintiffs' counsel, Farhad Novian and Andrew Goodman, and Blackburne's counsel, David Chute, had two phone conversations to see if the parties could get closer to reaching an agreement on the settlement amount. Mot. at 4.

On December 7, 2022, at around 10 a.m., Chute called Goodman to inform him that the Blackburne clients were agreeable to the settlement amount demanded in the December 2 conversations. Plaintiffs' counsel told defense counsel during the 10-minute call that plaintiffs still wanted to resolve the outstanding issues in the defamation matter and to receive a "global mutual release." Id. at 5.

Later that morning, around 11:26 a.m., Goodman and Chute had a 5-minute phone call, in which plaintiffs' counsel said that plaintiffs felt strongly about resolving all matters pending between the parties, that Rohner wanted his judgment paid without having to obtain a writ of execution, Rohner didn't want to have to deal with Blackburne's pending appeal and any other potential appeals, and the other plaintiffs wanted the peace of mind to know that Blackburne wouldn't try to pursue anything further against them in the Sacramento action. Plaintiffs' counsel made an offer for a higher settlement amount to include Rohner's judgment. Id. at 6.

In response, defense counsel, Chute, explained that Blackburne defendants' insurance company would not cover anything for the Sacramento action. Additionally, Chute suggested that the parties would run the risk of blowing up the entire deal if plaintiffs insisted on having Blackburne separately put up the money to pay Rohner's judgment. Plaintiffs' counsel asked Chute to run the proposal by Blackburne anyway and recommended that they speak again later that day. Id. at 6.

On December 7, 2022, at 12:25 p.m., Chute emailed all parties' counsel with a subject line "Abrams," asking plaintiffs' counsel to draft a "proposed settlement agreement" and to "notify the deputy clerk that a settlement has been reached." Dkt. 265-2 at 18.

Plaintiffs' counsel replied, "we are not quite in agreement yet (though hopefully we're close). My clients are still hung up on the Sacramento action and Mr. Rohner's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | May 15, 2023 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

judgment and want to get everything resolved globally so that everyone can move on." Id. at 17.

Plaintiffs' counsel sent a follow-up email to everyone that evening at 6:16pm, describing the current status of the Sacramento defamation action and stating, "my clients would like to be completely done with the Sacramento case as well." Plaintiffs' counsel proposed a counteroffer of a confidential sum, along with a settlement agreement that "would include mutual releases for everyone." Id. at 16.

The following day, December 8, 2022, Chute called Goodman and Novian around 9:16 a.m. Mot. at 6. Chute explained that the insurance company rejected plaintiffs' counterproposal for higher settlement offer. Additionally, he stated that had not spoken to Blackburne separately about the additional demanded amount because he expected Blackburne to react emotionally and that asking him to separately pay the additional demanded amount at this point would blow up the entire deal. Instead, defense counsel offered to speak with Blackburne again in a few weeks once the parties had circulated a long-form settlement agreement. Id. at 7. Defense counsel suggested that Blackburne would be more inclined to voluntarily pay Rohner's judgment if the parties got his buy-in on what they had already agreed upon to date and had a separate discussion about Rohner's judgment later. Plaintiffs' counsel agreed to present this to their clients. Id. at 8.

On December 8, 2022, at 9:39 a.m., counsel for Vannucci responded to the email exchange between the parties, asking, "so I am clear, if Blackburne does not agree to paying the money are we going to trial?" Dkt. 265-2 at 15. Plaintiffs' counsel responded that they and counsel for Blackburne—David Chute—had spoken over the phone and that Chute "had another suggestion for how to approach all this, which we're running by our clients as we speak." Id.

Then, on December 8, 2022, at 1:40 p.m., plaintiffs' counsel sent a follow-up email to everyone one, which stated the following:

All,

Plaintiffs are agreeable to the basic settlement terms we've discussed:

- [Redacted]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | May 15, 2023 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

- [Redacted]

- Mutual releases, with a carve-out for Mr. Rohner's judgment/accruing fees[2] against Mr. Blackburne/Blackburne & Sons in the Sacramento action (to be further discussed as we iron out the specifics of a settlement agreement in this action).

If this is agreeable in principle, please confirm. Once I get confirmation from all defense counsel, I can email Judge Snyder's Courtroom Deputy to notify the Court of the Parties' settlement so that the trial can be taken off calendar. We would also request that the Court set a status conference re settlement at a future date (perhaps in 60 days).

Id. at 14. Counsel for the Blackburne defendants responded, "Confirmed for George Blackburne and Blackburne & Sons Realty Capital Corporation." Id. Counsel for Gardner responded, "Confirmed for Gardner." Id. at 20. Counsel for Vannucci responded, "Confirmed for Vannucci." Id. at 28.

---

[2] The phrase "accruing fees" is not expressly defined by plaintiffs' counsel. However, in light of the exchange between the parties and the judgment awarded to Rohner, the phrase evidently refers to the attorneys' fees and costs awarded to Rohner and additional fees incurred in the Sacramento action. In the December 7 follow-up email described above, plaintiffs' counsel wrote, "As you know, Mr. Blackburne filed suit in Sacramento Superior Court and named the plaintiffs in this action (as well as the plaintiffs in the Hospice Action) as Doe defendants. The only Doe defendant he actually served was Rohner. We filed an anti-SLAPP motion on behalf of Mr. Rohner and prevailed. We filed an unopposed motion for attorneys' fees and prevailed on that, and that amount ($25,390.66) is now memorialized in the attached judgment. We have incurred additional attorneys' fees since preparing this judgment." Dkt. 265-2, Ex. A. Specifically, the judgment Rohner obtained provides that "Interest shall accrue at the rate of 10% per annum on the amount of the principal that remains unsatisfied after entry of this Judgment. Rohner may additionally recover, upon noticed motion, any recoverable costs that are reasonable and necessary to enforcing this Judgment." Id., Ex. K.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | May 15, 2023 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

The following day, on December 9, 2022, plaintiffs filed a notice of settlement with the Court. In relevant part, the notice of settlement provided:

> TO THE HONORABLE COURT, ALL INTERESTED PARTIES, AND THEIR COUNSEL OF RECORD:
>
> PLEASE TAKE NOTICE that on December 8, 2022, [plaintiffs and defendants], by and through their counsel of record, reached a complete settlement of this matter and agreed upon the material terms of the settlement, which will be further memorialized in a long-form agreement. Accordingly, the Parties respectfully request that the jury trial set for December 13, 2022 be taken off calendar.

See Notice of Settlement. The same day, the Court issued a minute order removing this litigation from the Court's active caseload, retaining "full jurisdiction," and directing the parties to file a proper stipulation for dismissal or a joint report detailing settlement status within 60 days and every quarter thereafter. Dkt. 260.

### C. Breakdown in the negotiating of the long-form settlement agreement

On December 20, 2022, counsel for the Blackburne defendants circulated a draft of a long-form settlement agreement, that contained a unilateral general release pursuant to which only plaintiffs would release defendants from claims. See Dkt. 262-2, Ex. D. On January 9, 2023, counsel for plaintiffs replied with an edited version of the draft long-form agreement, changing the release provision from a unilateral to a mutual release, with the sole exception of Rohner's judgment in the Sacramento defamation action. Id., Ex. E. The following day, counsel for the Blackburne defendants responded, "[T]he agreed-upon settlement specifically did not include the Sacramento Superior court action; however, your edits encompass the action, including calling for a dismissal of the Superior Court action. Take another shot at revising my proposed settlement agreement in order to be consistent with our agreement." Id.

As stated above, the parties filed a joint status report on February 7, 2023, noting their disagreements as to the terms of the settlement.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | May 15, 2023 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

### D. Subsequent actions in the Sacramento defamation action

According to plaintiffs, Rohner obtained a writ of execution for his judgment in the Sacramento defamation action on February 17, 2023. Dkt. 262-2, Ex. L. The parties have not stated whether this writ has been fully executed.

Additionally, on January 31, 2023, George Blackburne sent an email to Abrams, which contained the subject line, "Would you please pass this on to your defamation attorney?" and attached a document entitled "Ready for Trial." Id., Ex. F. Then, on February 10, 2023, Blackburne filed the document "Ready for Trial" in the Sacramento defamation action. Id., Ex. G.

On February 16, 2023, Blackburne emailed Abrams again, with a subject line entitled "Settlement Discussions." Id., Ex. H. In it, he stated that he is facing a "drop-dead appellate deadline," and seemingly gave Abrams a deadline of twelve hours to "agree to eat Rohner's [redacted]" so "he can then put a stop payment on the check and rein in my appellate attorney." Id.[3]

### III. LEGAL STANDARD

"California has a strong policy in favor of enforcing settlement agreements." Greenwood Motor Lines, Inc. v. River Enter., No. EDCV150566SJOJPRX, 2017 WL 11647645, at *2 (C.D. Cal. May 8, 2017) (citing Osumi v. Sutton, 151 Cal. App. 4th 1355, 1357 (2007)). Accordingly, "[i]t is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it. However, the district court may enforce only complete settlement agreements." Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted). "A settlement agreement, like any other contract, is unenforceable if the parties fail to agree on a material term or if a material term is not reasonably certain." Lindsay v. Lewandowski, 43 Cal. Rptr. 3d 846, 849 (2006). "Where a contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable." Robinson & Wilson, Inc. v. Stone, 35 Cal. App. 3d 396, 407 (Ct. App. 1973).

---

[3] Plaintiffs have characterized Blackburne's communications as "improper[] threat[s] to file another appeal" in the Sacramento defamation action. Mot. at 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:19-CV-06947-CAS (ASx) | Date | May 15, 2023 |
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

The enforceability of a contract is a question of law to be determined by the Court. Id.; see also Inamed Com. v. Kuzmak, 275 F. Supp. 2d 1100, 1116 (C.D. Cal. 2002) (Morrow, J.), aff'd, 64 Fed. Appx. 241 (Fed. Cir. 2003). Uncertainty regarding material terms, reserved for further negotiation, may render a contract unenforceable. Inamed, 275 F. Supp 2d at 1120. However, "the defense of uncertainty is disfavored, and the court should enforce an agreement if it appears the parties intended to enter into a contract and the outlines of the agreement are sufficiently definite that the court knows what is to be enforced." Id. Determining whether a contract is sufficiently definite "is not a very demanding test." Facebook, Inc. v. Pac. Nw. Software, Inc., 640 F.3d 1034, 1038 (9th Cir. 2011).

"When parties intend that an agreement be binding, the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement." Blix St. Records, Inc. v. Cassidy, 119 Cal. Rptr. 3d 574, 582 (2010).

## IV. DISCUSSION

### A. Whether the parties agreed to a settlement agreement

Plaintiffs argue that the parties reached a complete settlement on December 8, 2022, even if a long-form settlement agreement had yet to be drafted. Plaintiffs contend that the December 8 email contained all the material terms of the settlement, including an agreement to a mutual release with the sole exception of Rohner's outstanding judgment against Blackburne in the Sacramento defamation action. In support of their argument, plaintiffs cite several cases, including the Ninth Circuit's decision in Facebook, Inc. v. Pac. Nw. Software, Inc., holding that a short form settlement agreement is enforceable "even though everyone understood that some material aspects of the deal would be papered later." 640 F.3d at 1038; see Mot. at 12–14.

In opposition, the Blackburne defendants argue that defense counsel "did not agree to include Mr. Blackburne's defamation action as part of the settlement of the subject action" and that "there was no agreement as proposed by plaintiffs in the subject motion." Blackburne Opp. at 2–3.[4]

---

[4] Additionally, the Blackburne defendants contend that Chute "did not have authority to settle[] Mr. Blackburne's Sacramento case." Blackburne Opp. at 3. Under federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | May 15, 2023 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

Additionally, defendants Vannucci and Gardner filed oppositions to plaintiffs' motion. Gardner "opposes the motion based on the fact that she agreed to a general mutual release which excluded ONLY preexisting judgment in favor of Mr. Rohner against Blackburne in a separate action and nothing else." Gardner Opp. at 2. Vannucci opposes the motion on the basis that "there is literally nothing for the [C]ourt to enforce." Vannucci Opp. at 3. However, Vannucci also describes how "between December 2, 2022, and December 8, 2022, the parties, through counsel, negotiated the proposed material terms of a settlement . . . [and] the parties agreed on the material terms."[5] Id. at 2.

The Court concludes that the parties agreed to the material terms of the settlement on December 8, 2022. The Court must look not at the subjective beliefs of the parties but instead at the objective manifestation of their intent expressed by their words and their related conduct. See United Commercial Ins. Serv., Inc. v. Paymaster Corp., 962 F.2d 853, 856 (9th Cir. 1992). On the face of the email exchange, counsel for plaintiffs proposed three material terms for settlement, with the third term being: "mutual releases, with a carve-out for Mr. Rohner's judgment/accruing fees against Mr. Blackburne/Blackburne & Sons in the Sacramento action (to be further discussed as we

---

common law, there is a "presumption that attorney has authority to settle on behalf of the client, rebuttable only by evidence that the attorney was acting outside the scope of authority." In re Clawson, 434 B.R. 556, 571 (N.D. Cal. 2010). However, "California law does not recognize a similar presumption . . . [and instead], an attorney has no actual or implied authority to settle an action unless he has his client's express permission." Schaffer v. Litton Loan Servicing, LP, No. CV 05-07673 MMM CTX, 2010 WL 9951762, at *11 (C.D. Cal. Oct. 18, 2010) (Morrow, J.). Here, the Court concludes that the result is the same under either federal common law or California state law. The Blackburne defendants have failed to make any evidentiary showing that Chute lacked express authority to settle on their behalf.

[5] As described above, although Vannucci and Gardner's opposition briefs state that each opposes plaintiffs' instant motion, their interpretations of the "agreed material terms" are in fact consistent with and support plaintiffs' position. For further example, Vannucci describes the draft long-form agreement circulated by Blackburne's counsel as "contrary to what the Parties, through counsel, agreed to on December 8, 2022 before taking the trial . . . off calendar." Compare Vannucci Opp. at 2; with Mot. at 8 (identical language).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | May 15, 2023 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

iron out the specifics of a settlement agreement in this action)." The term "mutual" unambiguously establishes a release between all parties in this litigation. See, e.g., MUTUAL, Black's Law Dictionary (11th ed. 2019) ("Generally, directed by each toward the other or others; reciprocal."). As defendants Vannucci and Gardner acknowledge, Blackburne's December 20 long-form draft settlement agreement contained a unilateral release of plaintiffs' claims, "*contrary* to what the Parties, through counsel, agreed to on December 8, 2022 before taking the trial . . . off calendar." Vannucci Opp. at 2 (emphasis added); see also Gardner Opp. at 2.

Additionally, the provision for mutual releases necessarily includes not only this federal litigation, but also the Sacramento defamation action, because the third term expressly exempts Rohner's "judgment/accruing fees" in that case. See, e.g., Facebook, 640 F.3d at 1039 ("When adversaries 'in a roughly equivalent bargaining position and with ready access to counsel' sign an agreement to 'establish[ ] a general peace,' we enforce the clear terms of the agreement.") (citation omitted).

Contrary to plaintiffs' contention, the Court finds that the carve-out encompasses Blackburne's ability to pursue his appeal of Rohner's judgment. As set forth above, the parties' counsel faced an obstacle during settlement negotiations as to whether the instant settlement agreement would include Rohner's judgment in light of the fact that the insurance company refused to cover it. Chute's proposal, taken up by plaintiffs and their counsel, was to carve out Rohner's anti-SLAPP judgment from the mutual release so that the parties could further discuss whether Blackburne would voluntarily pay the judgment a later time, or whether Rohner would need to enforce the judgment in the state action. Therefore, by including a carve-out for "Rohner's judgment/accruing fees . . . , to be further discussed as we iron out the specifics of a settlement agreement in this action," the parties expressly reserved for a future date whether they will settle that outstanding issue or whether the state court will have to make a final determination as to the validity and availability of Rohner's judgment awarded in connection with his anti-SLAPP motion.[6]

---

[6] In their briefing, plaintiffs argue that Blackburne's appeal is both substantively meritless and procedurally deficient because he has only appealed the state court's order granting the anti-SLAPP motion and not the order awarding Rohner's judgment. See Mot. at 11 n.16. The Court makes no finding as to whether this interpretation of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | May 15, 2023 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

Courts "should enforce an agreement if it appears the parties intended to enter into a contract." Inamed, 275 F. Supp 2d at 1120. In their email exchange, counsel for plaintiffs concluded after listing the "basic settlement terms" by asking, "[i]f this is agreeable in principle, please confirm. Once I get confirmation from all defense counsel, I can email [the] Courtroom Deputy to notify the Court of the Parties' settlement so that the trial can be taken off calendar." Dkt. 265-2 at 14. By responding to this email, defendants manifested their intent to agree to these three settlement terms, including the "mutual release."

That all parties in this litigation manifested consent to the terms set forth in the December 8 email is further confirmed by the subsequent notice of settlement filed with the Court the following day. The notice of settlement stated, "To the Honorable Court, all interested parties, and their counsel of record: Please take notice *that on December 8, 2022*, [plaintiffs and defendants], by and through their counsel of record, *reached a complete settlement of this matter and agreed upon the material terms of the settlement*, which will be further memorialized in a long-form agreement." See Notice of Settlement (emphasis added). On its face, this notice of settlement states that a "complete settlement" agreement was reached "on December 8, 2022."

Accordingly, the Court concludes that the parties agreed to an enforceable settlement agreement on December 8, 2022, the material terms of which included "mutual releases, with a carve-out for Mr. Rohner's judgment/accruing fees against Mr. Blackburne/Blackburne & Sons in the Sacramento action."

### B. Whether Blackburne has breached the settlement agreement

Plaintiffs further argue that because a settlement agreement was reached by the parties and is enforceable by the Court, the Blackburne defendants are in breach of that agreement because they have not yet dismissed their claims and pending appeal in the Sacramento defamation action. Mot. at 16–17. Plaintiffs seek specific performance and

---

California law is accurate, as this ultimately has no bearing on the settlement agreement. The provision for mutual releases with a carve-out for Rohner's judgment simply provides that Blackburne is contractually permitted under the settlement terms to pursue whatever appeal is legally available in the Sacramento defamation action, irrespective of whether the appeal turns out to be successful or unsuccessful.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

| Case No. | 2:19-CV-06947-CAS (ASx) | Date | May 15, 2023 |
|---|---|---|---|
| Title | GARY ABRAMS, ET AL. v. BLACKBURNE AND SONS REALTY CAPITAL CORP., ET AL. | | |

damages. Id. at 17–18. No such breach has been established for the reasons set forth above. Accordingly, plaintiffs' request for specific performance and damages is denied without prejudice.

**V.      CONCLUSION**

In accordance with the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** plaintiffs' motion to enforce a settlement agreement. As stated above, the parties agreed to the material terms of the settlement on December 8, 2022, which included "mutual releases, with a carve-out for Mr. Rohner's judgment/accruing fees against Mr. Blackburne/Blackburne & Sons in the Sacramento action." However, the Court denies plaintiffs' requested relief for damages and specific performance. The parties are directed to jointly submit a proposed judgment or stipulated dismissal consistent with this Order within 30 days.

IT IS SO ORDERED.

|  |  | 00 | : | 12 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |